37 153
74 112

## KŒNIG VS. KATZ.

EVIDENCE. (1) *Suit by administrator. Party can not testify to transactions with deceased.*

INSTRUCTIONS. (2, 3) *Erroneous, cured by subsequent, correct.* (4) *Not an expression of opinion, when.* (5) *Case stated, and verdict sustained.*

1. In an action brought by plaintiff as administrator, and in which he was not sworn as a witness, defendant was permitted to testify as to all conversations held by him with plaintiff's witnesses touching which they had been examined, but was not permitted to testify as to agreements or conversations had between him and plaintiff's intestate, or payments made by him to the latter. *Held,* that his testimony on those subjects was properly rejected. Laws of 1868, ch. 176, sec. 1.

2. The action being for the value of property sold by plaintiff's intestate to defendant, and there being conflicting evidence as to its value, the jury were instructed that if satisfied that no payment thereon had been made by defendant, they must find the value *as proven by the plaintiff*. *Held*, that this might be understood as a direction to disregard the defendant's evidence on that subject, and would be fatal to the judgment, if not cured.

3. But the jury having brought in a general verdict for the plaintiff, the court stated that they must assess the damages; and, the foreman having answered that they did not know the amount, the court told them that they were to determine the amount "from the evidence." *Held*, that the error above recited was thus cured.

4. As to the defense of payment the jury were told that they must "take into consideration the circumstances of the whole case, and see if there was any credible proof that payment had been made." *Held*, that this was not an expression of the judge's opinion as to the facts proven, and there was no error as against the defendant.

5. The bill of particulars contained an item of $17, of which no proof was made. The complaint demanded interest on defendant's indebtedness from a certain date; but some of plaintiff's evidence tended to show that such indebtedness was due and payable at an earlier date. If the jury allowed interest from such earlier date, the damages found by the verdict would not be excessive, after excluding the item of $17; otherwise the verdict would seem to include that item. *Held*, that the verdict should be treated as though the complaint had been amended to demand interest from the earlier date; especially as on the defendant's motion in the court below for a new trial, he did not object that the verdict was excessive.

APPEAL from the Circuit Court for *Milwaukee* County.

Action brought by the administrator of John Kœnig, deceased, against *Katz*. The complaint alleged that *Katz* on, etc., " became indebted to * * deceased, for cattle, sheep, and hogs and other chattels, sold by * * deceased * * to defendant, at his request, and for which he promised and agreed to pay, to the amount of $320, over and above all payments made." Demand of judgment for $320, with interest from Sept. 1, 1873.

A bill of particulars was demanded, and given as follows: " Oct., 1872, 6 head of cattle at $28 per head, $168 ; 30 head sheep at $3.50 per head, $105 ; one bull at $30 ; balance on old account, $17.00 ; amount due, $320." The answer alleged

payment of all sums owing deceased except $51, as to which tender was pleaded and offer of judgment made. The cause was tried May 20, 1874.

Henry Kœnig, a son of deceased, testified for .plaintiff that he was present when the sale of cattle and sheep was made. He was asked "how many cattle were sold?" Objection was overruled, and he answered. He also testified that the price of the cattle, per head, was agreed upon at $28.00; that 30 sheep were sold; that they were worth $3.50 per head; that the sale was made in Nov., 1872, and three months' time given for the payment. Other testimony was offered by the plaintiff as to admissions made by the defendant. Exception was taken to the admission of testimony showing the value of the sheep, which was overruled. No testimony was given as to the item of $17.00 balance of old account. On the part of the defense one Weil testified to being present when *Katz* paid $213 to the deceased after the purchase of the cattle, etc., and that he was present at the purchase. His testimony as to payment was uncontradicted, but as to other circumstances was in conflict with the statements of other witnesses. The defendant was sworn and asked a number of questions relating to his transactions with the deceased in the purchase of the stock, etc., to which objection was sustained, but he was allowed to testify as to conversations with the other witnesses. The other rulings and instructions, to which exceptions were taken, are given in the opinion.

*M. N. Lando*, for appellant.

*Rogers & Hover*, for respondent.

COLE, J. The objection that the complaint is defective in substance, is too clearly unfounded to require any special attention. It certainly states a cause of action, and is good after verdict, when the parties go to trial without raising any objection as to its sufficiency. In saying this we do not wish to be understood as expressing the opinion that the complaint would be bad on demurrer.

A number of exceptions were taken by the defendant to the rulings of the circuit court as to the admission or exclusion of testimony. The witness Henry Kœnig was sworn to prove the sale of the cattle and sheep by his father to the defendant. He was asked, " How many cattle were sold ? " and it is insisted that the court erred in permitting the question to be answered against the defendant's objection. The question seems to be a proper one in form. The witness was interrogated as to matters within his own knowledge, and as to a sale made when he was present. It was material for the plaintiff to prove the number of cattle sold the defendant by the intestate. The question asked was plainly intended to draw out what the witness knew in regard to that matter.

Another exception is, that the court erred in allowing the plaintiff to prove, against the objection of the defendant, the value of the property, while it appeared there was an express contract as to price. It did appear that the parties agreed upon the price of the cattle per head, and the court carefully excluded all testimony offered to show what the cattle were worth. But it did not appear that there was any such agreement in regard to the sheep, and therefore it became necessary to prove what the sheep were worth per head. As the price of the sheep was not agreed upon at the time of sale, this was the only course to be pursued.

A further objection is, that the court erred in ruling out certain questions put the defendant as to agreements entered into, conversations had, and payments made, by or between him and the deceased. The action was brought by the plaintiff as administrator, who was not sworn on the trial. And the defendant was permitted to testify as to all conversations and statements which he had made to and with the plaintiff's witnesses, and touching which they had been examined. As to any other matter he was not competent to testify. Sec. 1, ch. 176, Laws of 1868.

Some exceptions are taken to the charge of the court

Among other things the court instructed the jury that if they were satisfied that no payments had been made by the defendant to the deceased for the property in question, then it was their duty to find its value as *proven by the plaintiff*. There was conflicting testimony as to the value and amount of property, and it is insisted that this charge was equivalent to a direction that the jury should ascertain such amount and value from the evidence of the plaintiff's own witnesses, without regard to the evidence offered by the defendant bearing upon the same questions. Manifestly it was the duty of the jury to consider all the evidence in determining the value and amount of property, and not that offered by the plaintiff alone. Doubtless the court intended so to charge, but was not very happy in the choice of words to express that idea. This error in the charge would be fatal, therefore, were it not cured by a subsequent direction of the court. When the jury came into court with a general verdict for the plaintiff, the court remarked that they must also assess the damages for some amount. Upon the foreman's answering that they did not know the amount, the court told them they were to determine that amount from the evidence. In view of this remark of the court, it is unreasonable to suppose the jury did not consider all the evidence in the case bearing upon the questions as to the value and amount of property sold the defendant by the plaintiff's intestate. So this exception falls.

The other exception to the charge is to that portion expressed substantially as follows : " The jury are to take into consideration the circumstances of the whole case, and see if there is any credible proof that payments have been made." It is said that this amounted to an expression of the opinion of the circuit judge as to the facts proven, and was calculated to mislead the jury to the prejudice of the defendant. We do not so understand the charge. The defendant attempted to prove payment of a considerable portion of this claim. It was an affirmative defense, and the burden of establishing it was upon him.

And all, in effect, the court told the jury was, that they should consider all the facts and circumstances bearing upon that issue, and determine whether the fact of payment as claimed was established by credible evidence.

It is further insisted that the verdict of the jury is excessive. In the bill of particulars was an item of $17.00, balance due on old account. The bill of exceptions purports to contain all the evidence, and there is no proof whatever in respect to this item. Were we satisfied that the verdict included it, we should feel constrained to reverse the judgment. But we are not. It is impossible, of course, to tell precisely the basis of the verdict. But the jury might well have allowed interest on the claim from the time the plaintiff's witness Henry Kœnig testified it was due and payable by the terms of sale. True, the complaint only demanded interest from September 1, 1853 ; but the complaint was amendable in that respect. On the motion for a new trial the objection was not taken that the verdict was excessive ; and in view of all the evidence we are not satisfied that it is. Had the complaint been amended so as to claim interest on the value of the cattle and sheep from the time the defendant was in default according to some of the testimony, there would be no ground for saying the verdict was excessive. And as the case now stands, the verdict should be treated as though such an amendment had been made.

These remarks dispose of all the questions which we deem material.

*By the Court.*—The judgment of the circuit court is affirmed.