SHAW, Respondent, vs. THE PRESIDENT AND TRUSTEES OF THE VILLAGE OF SUN PRAIRIE, Appellant.

*March 12 — April 25, 1889.*

*Municipal corporations: Injuries to person from defect in sidewalk: Constructive notice: Evidence of other defects: Instructions to jury.*

1. For the purpose of showing constructive notice to a village of a defect in a sidewalk, other defects in the immediate vicinity, or the general bad condition of the walk, may be shown.

2. An instruction that a village is not liable for *latent* defects in a sidewalk, should define the term "latent defects."

3. At the place of an accident the sidewalk rested upon posts considerably above the ground, and crossed a ditch. It was very liable to get out of repair. A portion of it had been thrown up several inches higher than another portion, making a break in the walk. *Held,* that an instruction in effect charging the village with constructive notice of the defect which caused the accident if a rebuilding of the walk at that place would have disclosed such defect, did not call for a higher degree of diligence than the law required of the village authorities.

4. An instruction that if the jury found certain facts "from the testimony of the plaintiff" she was not necessarily guilty of negligence, is *held* not to ignore conflicting testimony on the part of the defendant, but merely to state to the jury the effect of the facts testified to by the plaintiff, if, from all the evidence in the case, the jury believed her testimony. *Kœnig v. Katz,* 37 Wis. 157, distinguished.

APPEAL from the Circuit Court for *Dane* County.

The plaintiff recovered a judgment for damages for personal injuries received by her by reason of an alleged defective sidewalk on Railroad street in the defendant village. A motion for a new trial was overruled. The defendant appeals from the judgment.

The street upon which the plaintiff was injured extends from the St. Paul Railway depot in said village in a northwesterly direction to the main street thereof, and seems to be the principal thoroughfare between the depot and the business part of the village. The place of the accident was forty or fifty rods north of the depot, on the westerly side of the street, near the line between the two lots owned respectively by Bruso and Kleiner. At that point the sidewalk is built on the tops of posts driven in the ground, and near such point a portion of the sidewalk had been raised or thrown up several inches higher than the portion immediately south of it. The testimony tends to show that the injury was caused by a hole in the walk into which the plaintiff stepped, or that a rotten plank broke under her weight, and let her foot and leg through the walk, or that the plank was loose and she was thrown down by stepping upon one end of it.

The testimony was sufficient to send to the jury the questions whether the sidewalk was out of repair at the place of the accident; also whether the village was chargeable with constructive notice of the defect, and whether the plaintiff was guilty of any negligence which contributed proximately to the injury of which she complains. The ap-

peal presents no question upon the pleadings, or of the extent of the plaintiff's injuries, the treatment thereof, or the amount of damages recovered. The errors assigned are exclusively upon the rulings of the court during the trial. These will be considered in their order. Additional statements of the case will be made in connection therewith, sufficient to a proper understanding of the alleged errors.

For the appellant there was a brief by *Smith & Buell*, attorneys, and *R. G. Siebecker*, of counsel, and oral argument by *R. B. Smith* and *R. G. Siebecker*. To the point that evidence tending to show defects in the sidewalk in the vicinity of the place of accident was not admissible, they cited *Ruggles v. Nevada*, 63 Iowa, 185; *Osborne v. Detroit*, 32 Fed. Rep. 36; *Gude v. Mankato*, 30 Minn. 256.

*John M. Olin*, for the respondent, argued, among other things, that it was not error to admit testimony of defects in the sidewalk in the immediate vicinity of the place of accident, citing, in addition to the cases referred to in the opinion, *Johnson v. Milwaukee*, 46 Wis. 572; *Randall v. N. W. Tel. Co.* 54 id. 140; *Gude v. Mankato*, 30 Minn. 256; *Osborne v. Detroit*, 32 Fed. Rep. 36, 39; *Topeka v. Sherwood*, 39 Kan. 690; *Armstrong v. Ackley*, 71 Iowa, 76; *Noyes v. Gardner*, 147 Mass. 505; *Aurora v. Hillman*, 90 Ill. 61; *Aurora v. Dale*, id. 46; *Sidekum v. W., St. L. & P. R. Co.* 93 Mo. 400; *Stoher v. St. L., I. M. & S. R. Co.* 91 id. 517; *Dotton v. Albion*, 50 Mich. 129; *Bailey v. Trumbull*, 31 Conn. 581; *Vanderslice v. Philadelphia*, 103 Pa. St. 102, 103, 109; *Avery v. Syracuse*, 29 Hun, 537, 541; *Quinlan v. Utica*, 11 id. 217, 74 N. Y. 603; *Plattsmouth v. Mitchell*, 20 Neb. 228; *Lincoln v. Woodward*, 19 id. 259; *Woodbury v. Owosso*, 64 Mich. 239; *Bullock v. New York*, 99 N. Y. 654.

LYON, J. I. Several objections to the admission of testimony were made on behalf of the defendant during the trial, based upon the proposition that it was incompetent

for the plaintiff to show any defects in the sidewalk, except at the precise place where the plaintiff was injured.  Two rulings on the subject to which exceptions were duly taken present this proposition for determination.  One of these rulings permitted the plaintiff to show the condition of the sidewalk fifty or sixty feet each way from the place of the accident.  The other ruling was the admission of evidence of the generally bad condition of the same sidewalk from that place south, nearly to the depot.  Such testimony was admitted for the purpose of showing constructive notice to the village of the defect in the sidewalk at the place of injury, there being no proof of actual notice in the case.

The proposition upon which the above exceptions are based, to wit, that the plaintiff should have been confined, in her proofs of the condition of the sidewalk, to the place where she was injured, has been negatived by this court in several cases, and is against the great weight of authority elsewhere.  The true rule doubtless is that for the purpose of showing constructive notice to the town or municipality of a defect in one of its highways, other defects therein in the vicinity, or the general bad condition of the same street, sidewalk, or bridge, may be shown.  The cases holding this rule are very numerous.  Many of these are referred to in the brief of counsel for plaintiff.  The leading cases in this state which assert or recognize the rule are *Weisenberg v. Appleton*, 26 Wis. 56; *Ripon v. Bittel*, 30 Wis. 614; *Sullivan v. Oshkosh*, 55 Wis. 508; *Spearbracker v. Larrabee*, 64 Wis. 573.  A remark by Mr. Justice PAINE, in the first of these cases, is peculiarly applicable.  He said: " A city, whose officers know that the general condition of a walk is such that from mere decay such an accident is liable to happen upon it at any moment, is chargeable with negligence if it neglects to repair, without bringing home to the authorities actual knowledge of the looseness of the particular plank which happened to occasion the injury."

To the above cases may be added that of *Randall v. N. W. Tel. Co.* 54 Wis. 140. That action was for injuries caused by the negligence of the telegraph company in allowing its poles and wires to fall down and obstruct a highway on which the plaintiff was traveling. In the opinion by Mr. Justice Taylor it is said that "the fact that the poles and wire were down at other places and times, within a few miles of the place, and within a few months of the time when the plaintiff was injured, would seem to us competent proof upon the question of the negligence of the company in maintaining the line in a safe condition." In *Spearbracker v. Larrabee*, 64 Wis. 573, proof of other defects in the bridge there in question was admitted as pertinent to the question of notice to the town authorities of the particular defect which caused the injury complained of. Speaking of the competency of this testimony, Mr. Justice Orton there said: "We think the testimony was proper with that view, because if the authorities had done their duty in repairing other places of defect of which they might be presumed, from their number and character, to have had notice, they would have probably discovered the defect in question. . . . It was generally a very bad and defective bridge and unsafe, and its condition was such that we think the town authorities should be held to have had notice of it, and of all such defective places, including the one in question." On the authority of the above cases, from which this case is not distinguishable, it must be held that it was not error to admit testimony tending to show, not only defects in the sidewalk in the immediate vicinity of the place where the plaintiff was injured, but also the general bad condition of the whole sidewalk.

It may also be observed that the objections to the above testimony were for immateriality only, and not because the same was incompetent. We think it very clear that the testimony was not immaterial, and, if the strict rule of evi-

dence be applied, the objections were not sufficient to raise the question of the incompetency of the testimony. In *Ripon v. Bittel*, 30 Wis. 614, it is said that if any objection to the testimony is put upon one particular ground, which is untenable, no other ground will be allowed to be substituted for it for the purpose of establishing error. We prefer, however, to rest our decision of the questions above discussed upon the merits thereof.

II. The court refused to give the following instruction proposed on behalf of the village: "A village is not liable in damages for latent defects in a sidewalk. To render it liable, the defect must be of such character that the village authorities, by using ordinary care and diligence, could discover it. If you should find from the evidence in the case that the defect was of such a nature that the officials of the village could not have discovered it by using ordinary care and diligence, the defendant is not liable in damages, and your verdict should be for the defendant village." The first sentence of the proposed instruction is defective in that it fails to define the term "latent defects." In the form proposed it may have been misleading. The remainder of the instruction seems to be good law, and it was substantially given in the general charge.

III. The remaining errors assigned are predicated upon the charge to the jury. We have examined it with care, and are satisfied that it contains a clear and accurate statement of the law of the case. Indeed, the law of negligence, and the rights and liabilities of towns and municipalities in respect to their highways, are so well established that it would have been cause for surprise had we found any material error in the charge of the learned and experienced circuit judge. If the charge contains language justly liable to criticism (and we scarcely think that it does), we are unable to see how the same could possibly have affected the verdict.

Two clauses in the charge are chiefly relied ·upon as grounds for a reversal of the judgment. The first of these is as follows: " If they [the village authorities] had laid a new walk all the way from this place [the place of the accident] up to the depot, starting at a distance from this place, would that have led to the discovery of the defect in question here? is a question for you to inquire into." Conceding this to be equivalent to an instruction that, if the village had laid a new walk over the place of injury it would' thereby have discovered the defect in question, it would be chargeable 'with constructive notice of such defect, still we do not think the instruction erroneous. At that place the walk was rested upon posts considerably above the ground, and crossed a ditch. It was very liable to get out of repair. A portion of it had been thrown up several inches higher than another portion, making a break in the walk, and at best it was a dangerous place, demanding faithful care and watchfulness on the part of the village authorities, and frequent and thorough inspections. An inspection not sufficiently thorough to disclose any defect which a rebuilding of the walk would disclose would fail to meet the legal requirements of the situation. Hence the instruction did not call for a higher degree of diligence on the part of the village authorities than the law requires of them.

In the other clause referred to the jury were told that if they found certain facts " from the testimony of the plaintiff"· she was not necessarily guilty of negligence. It is claimed that this ignores certain conflicting testimony on the part of the defendant upon the same subject, and only submitted to the jury the testimony of the plaintiff. We do not so understand the instruction, but think, rather, that it only stated to the jury the effect of the facts testified to. by the plaintiff, if, from all the evidence in the case, the jury believed her testimony. This is the fair inference

from the language employed, as well as from the whole charge, and the jury must have so understood it. The case in this respect is entirely unlike that of *Kœnig v. Katz*, 37 Wis. 157, where the jury were instructed that they must find the value of the property in controversy " as proven by the plaintiff." This instruction ignored and excluded the defendant's conflicting testimony on the same subject, and, of course, was erroneous.

These views dispose of all the material errors assigned adversely to the defendant.

*By the Court.*— The judgment of the circuit court is affirmed.