[S. F. No. 4024. In Bank.—September 11, 1905.]

## DORA A. HEATH, Respondent, v. MARSDEN MANSON et al., Appellants.

STREETS—INJURY FROM DEFECTIVE SIDEWALK—ACTION AGAINST MEMBERS OF BOARD OF PUBLIC WORKS AND SURETIES—QUESTIONS FOR JURY.—In an action by a plaintiff, injured at night by reason of the loss of a plank from a wooden sidewalk upon a public street in San Francisco, against the members of the board of public works and the sureties upon their official bonds, where the evidence was conflicting, the questions whether the sidewalk was or was not in a reasonably safe condition, and whether the plaintiff was or was not exercising due care in walking over such sidewalk at

night, were questions for the jury, and their verdict thereupon
for the plaintiff is conclusive upon appeal.

ID.—JURISDICTION OF BOARD OF PUBLIC WORKS—REPAIR OF "STREETS"
INCLUSIVE OF "SIDEWALKS."—Under the San Francisco charter the
board of public works has jurisdiction to cause the repair of "side-
walks" as a part of the "street" fronting on the lots of the owners
or occupants, and to provide what materials shall be used in such
repairs, and to let a contract therefor at the expense of the owners
if they fail after proper notice to make the required repairs.

ID.—SUFFICIENCY OF NOTICE TO OWNERS — DEFECTIVE WOODEN SIDE-
WALK — "REPAIR" BY CHANGE — DELIVERY BY MAIL.—Where after
knowledge of the general defective and unsafe condition of the
wooden sidewalk the board gave notice to the lot-owners to repair
it by constructing a bituminous rock or cement sidewalk, and it
was delivered by mail instead of personally, the members of the
board cannot evade liability by urging that the notice was not
given in the form required by the charter. "Repair," in its broad
sense, has been held to apply to a new construction of different
material; and the notice in terms called for "repair" as well as
"construction."

ID.—MEANS FOR REPAIR.—The members of the board cannot urge that
it does not appear that they had any means for the needed repair.
It is sufficient that they had the ability to force the necessary
means from the lot-owners by letting a contract at their expense
or by enforcing fines to be used for repairing sidewalks.

ID.—NOTICE OF SPECIAL DEFECT UNNECESSARY.—Where the board had
full notice of the general unsafe condition of the wooden sidewalk
and failed in its duty to enforce the necessary repair, it was not
necessary that they should have notice of the particular defect in
the loss of a plank therefrom, which occasioned the injury to the
plaintiff.

ID.—JOINDER OF PARTIES—DISMISSAL OF OWNERS.—Where the owners
of the lots were sued jointly with the members of the board of
public works and their sureties, and upon the demurrer of the latter
for misjoinder the action was dismissed as to the owners, the
other defendants cannot escape liability by reason of such dis-
missal. The cause of action for the tort being joint and several
the plaintiff could sue all or each individually or collectively.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco and from an order deny-
ing a new trial. Frank H. Kerrigan, Judge.

The facts are stated in the opinion of the court.

N. J. Manson, and John B. Gartland, for members of the
Board of Public Works, Appellants; Campbell, Metson &

Campbell, for United States Fidelity and Guaranty Company, Appellant; Myrick & Deering, for Pacific Surety Company, Appellant; and M. J. Waldheimer, for Empire State Surety Company, Appellant.

The board acquired no jurisdiction. "Repair" does not include demolition and the making of a new structure. (Street Laws of California, Finlayson, p. 164; *In re Repairing Fulton Street,* 29 How. Prac. 431; *Blount* v. *City of Janesville,* 31 Wis. 654.) No negligence or knowledge of the defect in the sidewalk was attributable to the defendants. Negligence cannot be presumed, but must be proved. (Elliott on Streets, sec. 857; Mechem on Public Officers, sec. 579; *Kansas City* v. *Bradbury,* 45 Kan. 381, 23 Am. St. Rep. 731, 25 Pac. 887.) The plaintiff is chargeable with contributory negligence in walking upon the defective sidewalk in preference to the street or the other sidewalk. (*McGraw* v. *Friend & Terry Lumber Co.,* 120 Cal. 574, 578, 52 Pac. 1004; *City of Chicago* v. *Sheehan,* 113 Ill. 658.) It must appear that the board had funds with which to make the requisite expenditure or the facility for acquiring them. (Mechem on Public Officers, sec. 669.) The plaintiff was chargeable with contributory negligence in choosing to use the defective sidewalk, of the general bad condition of which she long had knowledge, when she might have avoided injury by walking elsewhere. (*McGraw* v. *Friend & Terry Lumber Co.,* 120 Cal. 574, 578, 52 Pac. 1004; *Dufour* v. *Central Pacific R. R. Co.,* 67 Cal. 322, 7 Pac. 769; *Davis* v. *California Stone Pav. Co.,* 105 Cal. 135, 58 Pac. 647; *Beltz* v. *City of Yonkers,* 148 N. Y. 67, 42 N. E. 401; *King* v. *Thompson,* 87 Pa. St. 370; Elliott on Streets, sec. 657.)

Carl W. Mueller, Alfred Fuhrman, and John Heenan, for Respondent.

"Repair" may be used in the sense of making something entirely new, which is implied in the charter which allows the board to specify "what material shall be used in said repairs." (24 Am. & Eng. Ency. of Law, 2d ed., p. 172, and authorities cited in note 2; *City of Shelbyville* v. *Brant,* 61 Ill. App. 154.) Lack of funds is no defense where the work is chargeable to property-owners. (*City of New Albany* v. *McCulloch,* 127 Ind. 500, 26 N. E. 1074; *Village of Shelby*

v. *Claggctt,* 46 Ohio St. 549, 22 N. E. 407; *Smalley* v. *Apple-
ton,* 75 Wis. 18, 43 N. W. 826; *Erie* v. *Schwingle,* 22 Pa. St.
384, 60 Am. Dec. 87; *Evanston* v. *Gunn,* 99 U. S. 660, 667;·
*Shartle* v. *Minneapolis,* 17 Minn. 308; *Albrittin* v. *Hunts-
ville,* 60 Ala. 486, 31 Am. Rep. 46; *Russell* v. *Canastota,* 98
N. Y. 496.)  The board having had notice of the general
defective condition of the sidewalk, it was not necessary that
it have notice of the particular defect which caused the
injury.  (*Shaw* v. *Sun Prairie,* 74 Wis. 108, 42 N. W. 271;
*City of Joliet* v. *McCraney,* 49 Ill. App. 381; *City of Shelby-
ville* v. *Brant,* 61 Ill. App. 154; *Furnell* v. *City of St. Paul,*
20 Minn. 117; *City of McLeansboro* v. *Trammel,* 109 Ill. App.
524; *Moore* v. *City of Minneapolis,* 19 Minn. 300; *Osborne*
v. *Detroit,* 32 Fed. 36; *Brownlee* v. *Alexis,* 39 Ill. App. 135;
*Ledgerwood* v. *Webster City,* 93 Iowa, 726, 61 N. W. 1089;
*Noyes* v. *Gardner,* 147 Mass. 505, 18 N. E. 423; *Gude* v. *Man-
kato,* 30 Minn. 256, 15 N. W. 175; *Barrett* v. *Hammond,* 87
Wis. 654, 58 N. W. 1053; *King* v. *City of Oshkosh,* 75 Wis.
519, 44 N. W. 745.)  The question of contributory negli-
gence of the plaintiff is one of fact for the jury.  (*Van
Praag* v. *Gale,* 107 Cal. 438, 40 Pac. 555; *Smith* v. *Occidental
and Oriental Steamship Co.,* 99 Cal. 462, 34 Pac. 84;
*Mosheuvel* v. *District of Columbia,* 191 U. S. 247, 24 Sup.
Ct. 57; *Weston* v. *City of Troy,* 139 N. Y. 281, 34 N. E. 780;
*City of Sandwich* v. *Dolan,* 141 Ill. 430, 31 N. E. 416; *Gra-
ham* v. *Town of Oxford,* 105 Iowa, 705, 709, 75 N. W. 473.)

HENSHAW, J.—This action is against defendants con-
stituting the board of public works of the city and county of
·San Francisco, and the sureties upon their official bonds, for
damages caused by a personal injury suffered by plaintiff in
stumbling and falling over a sidewalk in the city which was
out of repair and in a dangerous condition.  The action is
predicated upon the duty of the board of public works to
maintain the sidewalks of the city in a reasonably safe con-
dition, and upon their negligent failure so to do in this in-
stance.  The liability of the defendants in a proper case is
not questioned, but various grounds are urged against their
liability in this case, which went to trial before a jury and
resulted in a verdict and judgment in favor of plaintiff in
the sum of five thousand dollars.

It is argued that the sidewalk was not in such a condition of dilapidation as to make it unsafe or dangerous; it is argued that the evidence shows that the defendants were not negligent in the matter of this particular sidewalk; and it is argued that the evidence shows clearly that the plaintiff herself was guilty of contributory negligence. It appears that the sidewalk was a wooden sidewalk in the middle of a block, the sidewalks on either side of which were of cement. Plaintiff was reasonably familiar with the condition of the sidewalk before the time of the accident, and testified to its condition of general dilapidation and lack of repair. In this she was supported by other testimony. Photographs were likewise exhibited to the jury showing the condition of the sidewalk immediately after the accident. She walked over the sidewalk upon a dark night, stepped into a hole from which a plank had been removed, caught her foot in a projecting plank, was thrown, and suffered injuries. All these questions, whether the sidewalk was or was not in a reasonably safe condition, whether the plaintiff was or was not exercising due care in walking over it at night, were questions, under the conflicting evidence, addressed to the jury, and its verdict here is final.

It is contended that the board of public works was without jurisdiction either to repair the sidewalk in question or to award a contract for the repairing of it in pursuance of the provisions of section 16, chapter 2, article VI of the charter of the city and county of San Francisco, and that consequently the board must be held blameless in point of fact and without liability in point of law. So much of section 16 as is here involved reads as follows: "When any. portion of the roadway of any street, avenue, lane, alley, court or place or any portion of any sidewalk . . . shall be so out of repair . . . the board of public works shall require the owners or occupants of lots or portions of lots fronting on said portion of said street, avenue, alley, lane, court or place by a notice in writing . . . to repair forthwith said portion of said street, avenue, lane, alley, court or place, etc." The point made by appellants is that "sidewalk" used in the first portion of the section above quoted is not specifically repeated in the latter part, and that the jurisdiction of the board therefore extends only to the roadway

proper as distinguished from the sidewalk. But when the section declares that the board of public works shall require the owners or occupants of lots or portions of lots fronting *on said portion of said street, avenue,* etc., to repair forthwith *said portion of said street* it is plain that "street" is here used with full and broad significance to include the sidewalks which are always a part of it.

It is undisputed by the evidence that an agent of the board of public works, a street inspector, whose duty amongst others it was to note, report, and act on the condition of streets and sidewalks, gave two different notices to the owners of the property touching the condition of the sidewalk. These notices directed them as owners of the property to repair the plank sidewalk in front thereof by constructing an artificial stone or bituminous rock sidewalk, and notified them that unless such repairs were commenced within five days after service of the notice and diligently and without interruption prosecuted to completion, the board of public works, under and by virtue of the authority vested in it by the charter of the city and county of San Francisco, would enter into a contract with some suitable person to execute the prescribed work at the owners' expense. It is argued by appellants that these notices were not such notices as the charter contemplated, that they were not delivered personally to the owners, but were sent to him by mail, and it is further contended that the notices called for repair of a wooden sidewalk by the construction of a bituminous rock or cement sidewalk, and that such construction is no part of repairing. But to this it must first be answered that the sidewalk in question, having come under the observation of the agent of the board of public works, if in fact, as the jury decided, the sidewalk was in need either of reconstruction or repair, the board of public works could not escape liability for its negligent performance or non-performance of duty by proof of a negligent failure to perform another duty,—that is to say, by proof that the notices which it actually sent were improper and insufficient. If this were so, then by the mere sending out of defective notices the board of public works could forever escape legal liability by failing to acquire jurisdiction. "The law does not permit itself to be thus trifled with, nor allow its ministers to thus substitute pretense for perform-

ance." (*Nicholson Pavement Co.* v. *Painter,* 35 Cal. 700.) And while it is true that in general repair has reference to the reconstruction and restoration of an imperfect existing thing, it is none the less true that in contracts and in statutes it frequently has a broader significance. The charter of San Francisco in dealing with the question declares in section 16 of chapter 2 of article VI that the board "shall particularly specify in said notice . . . what materials shall be used in said repairs." And in note 2 to Encyclopædia of Law (2d ed., vol. 24, p. 472), under the head of "Repairs," will be found numerous cases in which the word has been held to apply to a new construction of different material. The notice in terms called for repair as well as for construction, and "to permit such walk to remain and attempt to repair it by nailing a rotten or even a sound board back to a rotten stringer is as negligent as to construct a walk of unsound materials in the first place." (*City of Shelbyville* v. *Brant,* 61 Ill. App. 154.)

It is urged that it does not appear that the board of public works had any money with which to make the needed repair, and is therefore relieved of responsibility. It does not appear that they sought an appropriation for the purpose, but moreover they had power to compel the abutting property-owners to make the needed repair, to do the work themselves, or to enter into a contract with a suitable person to have it done, which person would have a lien for the amount expended. (Charter of San Francisco, chap. 2, art. VI, secs. 16, 17.) They still further had power to procure the arrest of the owners in default and the fines so collected form a special fund for repairing sidewalks. (Charter of San Francisco, chap. 2, art. VI, sec. 18.) As said in *City of New Albany* v. *McCulloch,* 127 Ind. 500, [26 N. E. 1074], "An examination of the statute above referred to will disclose the fact that cities in this state are clothed with power to improve and keep in repair their streets and alleys without expense to the city, and where such power exists we do not think it is a defense, when sued for injuries occurring by reason of its neglect to keep the streets in repair, to say it had no funds with which to pay for such repairs." (See, also, *City of Belton* v. *Turner* (Tex. Civ. App.), [27 S. W. 831]; *Village of Shelby* v. *Claggett,* 46 Ohio St. 549, [22 N.

E. 407]; *Erie* v. *Schwingle,* 22 Pa. St. 384, [60 Am. Dec.
87]; *Evanston* v. *Gunn,* 99 U. S. 660.)

It was not necessary, as argued by appellant, that the
board should have knowledge of the precise defect in the
sidewalk which occasioned the injury. ''In such case the
city would be justly chargeable with notice of the general
unsafe condition of the walk, though nobody may have
known the special condition of the particular board which
did the mischief.'' (*City of Shelbyville* v. *Brant,* 61 Ill. App.
154; *Shaw* v. *Sun Prairie,* 74 Wis. 108, [42 N. W. 271]; *Fur-
nell* v. *City of St. Paul,* 20 Minn. 117; *City of McLeansboro*
·v. *Trammel,* 109 Ill. App. 524; *Moore* v. *City of Minneapolis,*
19 Minn. 300.)

With the board of public works and their sureties, were
sued the owners of the property. Appellants contend that
under chapter 2, article VI, section 16, and article I, section
5, of the charter of San Francisco, the liability of the owners
with the board of public works was joint and several, and
that the court erred in dismissing the defendant owners of
the property from the case. But the rule is fundamental that
if several are guilty in common of tort the injured person
has his right of action for damages against all or each, and
may sue them either individually or collectively. (*Grundel*
v. *Union Iron Works,* 127 Cal. 438, [78 Am. St. Rep. 75, 59
Pac. 826].) Moreover, the appellants in this case affirma-
tively sought by their demurrer this very dismissal, urging
that there was a misjoinder of defendants in that they them-
selves were joined in the action with the defendant owners
of the property. We perceive no errors in the rulings of the
court in admitting and rejecting evidence, nor in the instruc-
tions which it gave and refused to give. Those refused were
either properly refused as containing a mistaken proposition
of law, or were substantially covered by those actually given.

For the foregoing reasons the judgment and order ap-
pealed from are affirmed.

McFarland, J., Lorigan, J., and Shaw, J., concurred.

Rehearing denied.