[Civ. No. 1784.  Third Appellate District.—February 22, 1918.]

JACOB KEIPER, Respondent, v. PACIFIC GAS & ELECTRIC COMPANY (a Corporation), et al., Defendants; ALBERT ELKUS, Appellant.

NEGLIGENCE—COLLISION BETWEEN AUTOMOBILE AND STREET-CAR—INJURY TO THIRD PARTY—PROXIMATE CAUSE.—In an action for damages for personal injuries received by the plaintiff while cleaning the sidewalk in front of his home, resulting from a collision of an electric street-car with an automobile which had been left standing on the car-track unoccupied and unattended, the owner of the automobile, though conceding his negligence, cannot claim that the proximate cause of plaintiff's injuries was the negligence of the car company in running into his machine and thereby hurling the same from the track and against plaintiff, since such a case is essentially and peculiarly one where the injuries were produced by the concurrence of two separate, distinct, and independent acts of negligence on the part of two separate and independent persons.

APPEAL from a judgment of the Superior Court of Sacramento County.  Charles O. Busick, Judge.

The facts are stated in the opinion of the court.

James Alva Watt, and Rolla Bishop Watt, for Appellant.

C. E. McLaughlin, C. P. McLaughlin, and Frank J. O'Brien, for Respondent.

HART, J.—This is an action for damages for personal injuries.  The jury returned a verdict in favor of plaintiff for three thousand five hundred dollars against the defendant, Elkus, but not against the defendant, Pacific Gas & Electric Company.  Judgment was entered accordingly, from which defendant Elkus appeals.

The evidence discloses that the accident and the injury complained of occurred substantially as set forth in the complaint, as follows:

"That about the hour of 9 o'clock A. M. on said sixth day of December, 1913, said defendant Albert Elkus, without any cause or reason for so doing, other than his desire to step across the street into a garage on K Street in the city of

Sacramento, left an automobile owned and operated by him, standing unoccupied and unattended upon and across car lines owned and operated by said defendant corporation on K Street, at a point about 150 feet east of the intersection of K and 13th Streets in said city; that said automobile was so left standing unoccupied and unattended without first locking or making it fast, or effectively setting the brakes thereon and stopping the motor thereof; that no emergency caused the said Elkus to leave said automobile so standing unoccupied and unattended, nor was said automobile stopped and left unattended and unoccupied for the purpose of allowing another vehicle, or pedestrian, to cross its path.

"That said automobile was a large Lozier, five-passenger car, the day was bright and clear, and any person approaching the place where it was standing, from any direction on K Street, could by using ordinary care and diligence have easily seen said car so left standing on said K Street as aforesaid.

"That while said automobile was so standing upon K Street as aforesaid, plaintiff was at work near the curb line in front of his home at number 1316 K Street, and a street-car owned, operated, and controlled by the defendant Pacific Gas and Electric Company, a corporation, was proceeding easterly on car tracks on said K Street across which said automobile was standing, and the agents and employees of said defendant corporation controlling and operating said street-car could with reasonable diligence have seen said automobile standing upon said K Street and across said tracks upon which said street-car was running.

"That the said defendant Pacific Gas and Electric Company, a corporation, its agents, servants, and employees, so negligently and carelessly operated and ran said street-car proceeding easterly on said K Street as aforesaid, that they failed to stop said street-car or avoid a collision with said automobile, and said street-car continued on its course with great speed until it ran into and struck said automobile with such force that said automobile was driven and forced from the point where it was standing to the point where said plaintiff was at work, and said automobile, so driven and forced, struck plaintiff with great violence, throwing plaintiff against an iron electrolier post, and by means thereof plaintiff was greatly injured. . . ."

The appellant demurred to the complaint on the general ground of insufficiency of facts and on the further ground that there is a misjoinder of parties defendant.

The demurrer was overruled and the principal question submitted by this appeal arises upon the action of the court in thus disposing of the demurrer and in denying the appellant's motion for a nonsuit, the claim being that neither the complaint nor the proofs disclosed that the appellant's negligence was the proximate cause of the accident and injury complained of.

As stated, the evidence shows that the accident occurred substantially as alleged in the portion of the complaint above quoted herein, and if, therefore, the complaint states a cause of action for negligence against the appellant, then, of course, the motion for a nonsuit was properly disallowed. As the consideration of the ruling on the demurrer necessarily involves a consideration of the action of the court in denying the motion for a nonsuit, it is not deemed out of place to present here a brief outline of the facts as they were established by the evidence. This may the more conveniently be done by quoting from the appellant's opening brief, which contains an accurate statement of the evidential facts, as follows:

"The accident occurred at about 9 A. M. on December 6, 1913. Defendant Elkus was driving his automobile in an easterly direction on K Street, in the city of Sacramento, and after crossing Thirteenth Street, brought his machine to a full stop upon and across the east-bound car tracks of the defendant Pacific Gas and Electric Company, at a point just in front of the tire store of the Fisk Rubber Company, about one hundred and fifty feet east of the intersection of K and Thirteenth Streets. Expecting to be but a moment about his business, he left his automobile standing where it was and went in to the Fisk store to leave orders regarding some tires and tubes. While Elkus was in the store a street-car operated by the defendant, Pacific Gas and Electric Company, approached the intersection of K and Thirteenth Streets in an easterly direction and at a good rate of speed crossed the intersecting street without stopping, crashed into the machine of defendant, Elkus, catapulting it in a diagonal direction from fifty to seventy feet toward the curbing where the plaintiff Keiper was cleaning the sidewalk in front of his home. Keiper was caught between the machine and an electrolier

near which he was working and was badly crushed and bruised, sustaining a severe fracture of the right leg."

The appellant concedes that he was guilty of negligence in his act of placing his automobile upon the street-car tracks and permitting it to remain standing thereon, but contends that such negligence on his part ceased the instant that the street-car of his codefendant carelessly and negligently ran into and against his automobile; that his negligence was broken by the Electric Company's negligence, which was an independent, intervening, and the proximate cause of the damage, wholly unconnected with him. Counsel for the appellant, in their brief, declare and argue that, so far as the facts alleged in the complaint show, the automobile "would have stood upon the car tracks in the place where Mr. Elkus left it until its gasoline tank went dry and its tires rotted upon their rims, without harm or injury to the innocent bystander, unless some other cause, wholly unconnected with the defendant, Elkus, had intervened to cause the harm," and then, after referring to the allegations of the complaint describing the manner in which the street-car jammed into and collided with the automobile, and to the allegation that the day "was bright and clear," and asserting that the defendant, Electric Company, "could with reasonable diligence have seen the automobile standing upon K Street and across the tracks upon which said street-car was running," concluded: "It thus conclusively appears that without the active intervening negligence of the . . . Electric Company no accident or injury could have occurred to the plaintiff. The automobile was inert and harmless in the position where it stood and was incapable of producing or even contributing to the happening of the accident to the plaintiff."

The position of the appellant as it is thus stated is wholly devoid of merit.

We are unable to reconcile with a rational view of the facts pleaded and proved the position of the appellant that, although it was negligence on his part to leave his machine standing on the street-car tracks, such negligence ceased when the street-car jammed into the automobile. We cannot conceive how the proposition can logically be worked out. If it was negligence to leave and allow the automobile to remain standing on the street-car tracks in the first instance, upon what logical hypothesis may it be said that that negligence

did not continue until the accident and injury which the collision of the car with the automobile produced? It is true that "the automobile was inert in the position where it stood," and was itself as it stood on the tracks "incapable of producing or even contributing to the happening of the accident to the plaintiff," as counsel assert; but, with no design to be facetious, we remark that that argument implies that we are dealing here with the machine itself, and not with the act of the appellant in placing it where he had no right to place it, and allowing it to remain standing and where, as so standing, it was in a position to do harm. Indeed, one of the difficulties with which appellant is beset in this case, and which he was required to overcome if he would show himself legally immune from responsibility for the damage, lay in the very fact that the machine was allowed by him to remain inert and unattended by a driver or any other person capable of removing it from the position of danger in which it had been carelessly placed and left by the appellant. It is, of course, obviously true, as counsel declare, that but for the negligence of the defendant Electric Company, the accident and its disastrous result would not have happened. But it is equally obvious that the damage suffered by the plaintiff would not have been produced but for the negligence of the appellant. Thus it is clear that the case as presented is essentially and peculiarly one where the injury complained of was produced by the concurrence of two separate, distinct, and independent acts of negligence on the part of two separate and different persons. In other words, it is a case where the injury could not and would not have been produced by the act only of one of the two tort-feasors. In fact, quite obviously, the act of the Electric Company could not have occurred but for the previous act of negligence of the appellant. It required the two separate and distinct acts, operating simultaneously and concurrently, to produce the damage. Hence, it cannot logically be said that the negligence of the appellant was not "an active, continuous, contributing cause, and, therefore, at least a necessary element of the proximate cause of the injury." (*Spear* v. *United Railroads,* 16 Cal. App. 659, [117 Pac. 956].)

In such a case both parties through whose direct joint agency the injury has been sustained are joint tort-feasors and may be sued either jointly or separately.

The rule applicable to such a case as is disclosed by this record was applied in *Pastene* v. *Adams*, 49 Cal. 87, 90, a case quite similar in its general features to the one at bar. That case answers the contention of the appellant that his negligence became passive and was overlapped by that of the Electric Company when its car collided with his automobile. There the defendant, a lumber company, had piled three tiers of timbers about twelve inches square between gangways leading to the street on which the business of the company was maintained. The piling of the timber was so carelessly done that a wagon passing through one of the gangways came in contact with one of the projecting timbers, causing the pile to fall upon the plaintiff, who was at the defendant's office to purchase lumber, with the result that his leg was severely injured. The argument was that if, as was contended was true in that case, "a subsequent and distinct cause, intervening after that for which the defendant is responsible had ceased to act, has been productive of injury, and that but for that, no injury would have occurred, the defendant is not responsible." The supreme court, denying the soundness of that doctrine as applied to the facts of that case, said: "If the timbers were negligently piled by the defendant, the negligence continued until they were thrown down and (concurring with the action of Randall) was a direct and proximate cause of the injury sustained by the plaintiff."

In *Tompkins* v. *Clay Street Ry. Co.*, 66 Cal. 163, [4 Pac. 1165], two cars, owned by two different companies, collided at the corner of Clay and Polk Streets, in the city of San Francisco. The court, replying to the contention that there was no joint liability, says: "In Pennsylvania, it seems to have been held that when a passenger on a carrier vehicle is injured by a collision resulting from the mutual negligence of those in charge of it and another party, the carrier alone must answer for the injury. . . . But the weight of authority is otherwise, and is to the effect that, if the negligence of the managers of both vehicles contributes to the injury, the party injured may recover from the proprietors of either or both. (Wharton on Negligence, p. 395, and cases cited.) Where both are sued, the plaintiff may ordinarily dismiss as to either, and if it turn out at the trial that one was not guilty of negligence, he may, on sufficient evidence, take a verdict against the other."

But it is unnecessary to multiply herein authorities, of which there are many in this and other jurisdictions, upon a proposition so thoroughly settled in California. It is ·sufficient to cite the following in addition to those above considered: *Barrett* v. *Southern Pac. Co.,* 91 Cal. 296, 303, [25 Am. St. Rep. 186, 27 Pac. 666]; *Doeg* v. *Cook,* 126 Cal. 218, [77 Am. St. Rep. 171, 58 Pac. 707]; *Horgan* v. *Jones,* 131 Cal. 521, [63 Pac. 835]; *Kimic* v. *San Jose & L. G. etc. Ry. Co.,* 156 Cal. 379, [104 Pac. 986]; *Muller* v. *Hale,* 138 Cal. 165, [71 Pac. 81]; *Heath* v. *Manson,* 147 Cal. 694, [82 Pac. 331]; *Merrill* v. *Los Angeles G. & E. Co.,* 158 Cal. 499, [139 Am. St. Rep. 134, 31 L. R. A. (N. S.) 559, 111 Pac. 534]; *Williams* v. *San Francisco etc. Ry. Co.,* 6 Cal. App. 718, [93 Pac. 122]; *Spear* v. *United Railroads,* 16 Cal. App. 659, [117 Pac. 956], and many other cases and authorities unnecessary to name. But we do not understand counsel for the appellant to contend that there is not joint liability where joint or concurring separate and independent acts of negligence constitute the proximate cause of the damage. Their position is, as seen, that the negligence of the appellant was not an active contributing cause of the injury. We have, however, already shown the utter fallacy of this position, and as further showing that that theory is wholly unsupportable we call special attention to the case, already cited, of *Spear* v. *United Railroads,* which bears a marked similarity in all essential particulars to the case here. The case of *Williams* v. *San Francisco & N. W. Ry. Co.,* cited above, is, as to the general nature of the facts, also noticeably similar to this case. In that case, the plaintiff's wife was driving an excitable horse along a public highway upon a portion of which the defendant had placed, and for a long time previously to the accident had maintained, and at the time of the accident still maintained, a woodpile. The horse became frightened at the noise made by a passing locomotive traveling over the defendant's railroad track, situated near and running parallel with the highway, and started to run. The deceased was unable to control or manage the animal, and while the horse was running at a lively rate of speed the vehicle to which the horse was attached, and in which the deceased was riding, collided with said woodpile, the result of the force of the impact being to throw her with such violence to the ground that she sustained fatal injuries. It was argued in that case that the placing of

the obstruction in the public highway was not the proximate cause of the damage. The court said: "The defendant was primarily at fault in maintaining the obstruction upon the highway. . . . There is always ground for apprehending accidents from obstructions upon highways, and any person who wrongfully places them there or aids in so doing must be held responsible for such accidents as may occur by reason of their presence. . . . The rule is that the defendant is answerable in law for negligence proximate in causal relation to the damage, or, in other words, it is liable if the obstruction for the existence of which it is responsible is the direct cause of the accident, with its resulting damage."

So here. The appellant was confessedly primarily at fault in placing and leaving his machine in a place where it would necessarily operate as an obstruction to the passage of the cars of the Electric Company over and along its track, and, as above declared, the negligence involved in that wrongful act necessarily continued so long as the obstruction remained and until it had contributed to the damage which could not have occurred but for said obstruction.

The suggestion that the day was clear and that, therefore, the motorman of the street-car could, by the exercise of ordinary diligence, have seen the automobile on the car-tracks in time to have avoided the collision, is a proposition which involves the doctrine of the last clear chance or opportunity. But, while counsel for the appellant undertook to invoke that doctrine in their opening brief, they expressly abandoned that position at the oral argument and conceded that that doctrine has no application to this case. Of course, as has often been pointed out by the cases, and as is plainly true from the very reason of the rule, the doctrine of the last clear chance necessarily implies contributory negligence in the plaintiff or the injured party. (*Cordiner* v. *Los Angeles Traction Co.*, 5 Cal. App. 400, [91 Pac. 436]; *Spear* v. *United Railroads*, 16 Cal. App. 655, [117 Pac. 956].) There is no pretense, nor could such a claim well be advanced in this case, that the plaintiff here was guilty of contributory or any negligence.

The irresistible conclusion from the facts of this case as they are alleged in the complaint, and as the appellant admits that the evidence shows them to be, is that the appellant's act was one of the procuring, active, proximate causes of the in-

jury complained of; and that the said act involved a high degree of negligence, there can be no question, since the appellant himself testified that he was at all times aware of the fact that street-cars passed over the tracks upon which he left his automobile standing at frequent intervals during the day.

It follows from the foregoing considerations that the complaint states a cause of action for negligence against the appellant, that the demurrer was, therefore, properly overruled, and that the disallowance of appellant's motion for a nonsuit was proper.

The court charged the jury in accordance with the theory that the appellant's negligence was an active, continuing, and contributing proximate cause of the injury. The charge in this respect is criticised and declared by the appellant to be erroneous. The above discussion and conclusion dispose of this assignment.

There are no other questions in the case requiring notice.

The judgment is affirmed.

Chipman, P. J., and Burnett, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 22, 1918.