*139 OPINION.
Trussell :
In respect to the first issue counsel for respondent admitted at the hearing that the credit proposed in the deficiency letter for the Missouri State inheritance tax was merely tentative and agreed to make the credit properly allowable under the statute upon redetermination of the deficiency.
The remaining issue requires us to determine whether transfers of stock by the decedent to his wife and daughter a short time prior to his death were made in contemplation of death, their value having been included in the gross estate as so made by the respondent under section 302(c) of the Revenue Act of 1924, which provides:
Sec. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—
*******
(c) To the extent of any interest therein of which the decedent has at any time made a transfer, or with respect to which 'he has at any time created a trust, in contemplation of or intended to take effect in possession or enjoyment at or after his death, except in case of a bona fide sale for a fair consideration in money or money’s worth. Any transfer of a material part of his property in the nature of a final disposition or distribution thereof, made by the decedent within two years prior to his death without such a consideration, shall, unless shown to the contrary, be deemed to have been made in contemplation of death within the meaning of Part I of this title.
This provision is the same as in the Revenue Acts of 1918 and 1921 and has been before the Board and the courts in many cases in which it has been held that by the term “ contemplation of death ” is meant an apprehension of death within the reasonably near future from some existing bodily or mental condition and not the general expectation of ultimate death entertained by everyone, and that such contemplation of death must be the motive which prompted the transfer and without which the transfer would not have been made, in order to include the transferred property in the gross estate of decedent. R. B. White, Executor, 21 B. T. A. 500; United States Trust Co., Executor, 14 B. T. A. 312; Illinois Merchants Trust Co., 12 B. T. A. 818; Isaac Girribel et al., Executors, 11 B. T. A. 214; Philip T. Starch, Executor, 3 B. T. A. 514; Hannah M. Spofford, Administratrix, 3 B. T. A. 1016; Spencer Borden, Jr., Executor, 6 B. T. A. 255; Anna Serrien, Executrix, 7 B. T. A. 1129; Spreckels v. State, 158 Pac. 549; 36 Cal. App. 363; Rea v. Heiner, 6 Fed. (2d) 389; Meyer v. United States, 60 Ct. Cls. 474.
On considering the record- in the light of the rule laid down we must conclude that petitioners have made a sufficient affirmative showing to rebut the presumption created by the section of the statute quoted.There are many circumstances proven which indicate most strongly *140 that decedent at the time the gifts in question were made did not consider his death as imminent and there is no indication to us in the circumstance of the making of this gift that he contemplated death in the near future. He was a man of large means and his wife and daughter were his only heirs. He had made other gifts to them of stock and we can see nothing unusual or extraordinary in the gifts here in question. In view of the situation of the parties and decedent’s large means, these gifts would not have been unusual had decedent been a man in perfect physical health.
We conclude that the gifts of stock were not made by decedent in contemplation of death. Their value should not be included in his gross estate subject to Federal estate tax.

Decision will be entered pursuant to Rule 50.