650

[Civ. No. 10713.   First Appellate District, Division One.—November 30, 1939.]

VIRGINIA E. THOMAS, Appellant, v. CITY OF BAY-SHORE (a Municipal Corporation), Respondent.

Frank V. Kington for Appellant.

F. E. Hoffman for Respondent.

KNIGHT, J.—Plaintiff brought this action to recover damages for injuries she claimed to have sustained as a result of a fall on a defective sidewalk on MacDonald Avenue in the defendant city.   The action was tried by the court sitting without a jury, and judgment rendered in defendant's favor, from which judgment plaintiff appeals.

The judgment was based on findings to the effect that the sidewalk at the point where plaintiff fell was in a broken and defective condition of which the defendant had knowledge, but that plaintiff also had knowledge of the defective condition thereof; that such condition was notorious and obvious, and that the plaintiff was guilty of contributory

negligence in using said sidewalk at the said time and place of the accident. ■ The sole question presented by the appeal is, therefore, whether the evidence is legally sufficient to support the trial court's affirmative finding on the issue of contributory negligence.

MacDonald Avenue is part of the MacDonald subdivision, and up to the time of the accident there had been but little building thereon. The sidewalks were put in by MacDonald, who developed the tract, and they were constructed of cement, but the construction was not substantial. There was no foundation to them, and the cement was only about three-eighths of an inch thick, so that eventually, in the block where plaintiff fell and elsewhere along MacDonald Avenue, the cement became broken, and pieces of it were gone. This condition was well known to plaintiff; she lived within a block of the scene of the accident, and had passed up and down the street many times. In fact her husband for some time had been a member of the city council, and on account of complaints made about the condition of the sidewalks an inspection had been made by some of the officials of said city, including her husband, and the council had discussed on numerous occasions ways and means to repair the sidewalks; and plaintiff was present at many of the meetings of the council while her husband was a member thereof, during which the condition of said sidewalks had been discussed. She knew also that about a year prior to her accident another resident of the town had been injured by falling in the block below where she fell. Plaintiff started to walk along the sidewalk about 7 o'clock at night during the month of January. According to her testimony, there had been a slight rain or fog, the street was wet, and it was dark. She admitted that she was familiar with the condition of the sidewalk, and frequently walked in the street rather than on the sidewalk because she knew the sidewalk was unsafe; but she stated that on this particular evening she walked on the sidewalk because she was afraid that if she used the street she would be hit by passing automobiles; and as she proceeded along the sidewalk she fell and was injured. The particular defect which caused plaintiff's fall was a depression, "a straight down break . . . around 12 inches wide and probably 14 inches long running the width of the sidewalk, and from two to three inches deep". She testified that she was walking along rapidly, but was attempting to be

careful to avoid known defects in the sidewalk, and had avoided other defects up to the point where she fell; that at that point she stepped into the above-described break in the sidewalk of which she claimed she was unaware, and fell.

In a case such as this, the trial court's finding on the question of plaintiff's contributory negligence is doubtless conclusive on appeal if supported by the evidence, because the question of whether plaintiff was negligent in using said sidewalk at the time and place and under the circumstances present was a question of fact for the determination of the trier of fact (*Heath* v. *Manson*, 147 Cal. 694 [82 Pac. 331]); and we are of the opinion that the evidence here supports the finding so made. While there is no substantial conflict in the evidence, it is apparent that different conclusions as to plaintiff's contributory negligence may be reasonably drawn by different minds from the same evidence, and that being so, the conclusion reached by the trier of the fact is controlling. (*Meindersee* v. *Meyers*, 188 Cal. 498 [205 Pac. 1078]; see also 2 Cal. Jur., pp. 934, 935.) As frequently stated, an appellate court may not take the place of the trial court for the purpose of determining the weight of testimony. It may consider the evidence solely for the purpose of determining whether there is any substantial testimony tending to establish the facts found (19 Cal. Jur., pp. 776, 777); and in this case, after a careful review of the evidence, we are not prepared to say that the trial court's finding that plaintiff was guilty of contributory negligence in using the sidewalk under the circumstances is without evidentiary support.

Appellant argues that a person is not to be charged with contributory negligence in every case where with knowledge of the dangerous and defective condition of a sidewalk he unavoidably uses the same; and no doubt that is true; but in any such case the questions of whether under the circumstances there present the use of the sidewalk is unavoidable, and if so, whether with the knowledge of the dangerous condition thereof due care is exercised in passing over it, are questions of pure fact for the jury or trial court to determine.

There has been some discussion in the briefs as to the so-called doctrine of "forgetfulness of a known danger", but there is no ground for the application of that doctrine here, because the plaintiff admits that she was fully mindful of

the defective condition of the sidewalk before she started to walk on it.

The judgment is affirmed.

Ward, J., and Peters, P. J., concurred.