[Civ. No. 6259. First Appellate District, Division One.—November 15, 1928.]

ANNA M. WISE, Respondent, v. MAXWELL HARDWARE COMPANY (a Corporation), Appellant.

Breed, Burpee & Robinson and Bestor Robinson for Appellant.

Eugene K. Sturgis and Cyril W. McClean for Respondent.

TYLER, P. J.—Action for damages for personal injuries. Defendant, a corporation, is engaged in the business of

selling hardware and other goods to the general public. It maintains a store in the city of Oakland, the main entrance to which faces on Washington Street, a busy retail district, and the merchandise in which it deals is received and delivered by trucks and other vehicles in front of such entrance. On December 23, 1925, about 12:30 P. M., a truck belonging to the Madewell Manufacturing Company, operated by one of its employees, arrived at the sidewalk elevator of defendant company with certain hardware to be delivered to it. The driver of the truck made his presence known to defendant's receiving clerk, who was in the basement of defendant's store at the time. Because of orders of the police department, requiring sidewalk elevators to be closed during the midday rush hours, and by reason of the fact that the streets were crowded with Christmas shoppers and also because certain employees of the company were absent, the driver was requested to put the goods on the sidewalk. Included in the merchandise so delivered was a pile of roof capping. It consisted of pieces of galvanized iron, V-shaped, about 10 or 12 feet in length and 8 or 10 inches in height wired together. It was not crated or protected in any manner, and its color was almost the same as that of the sidewalk. The merchandise was placed parallel to the curb of the street and at a distance variously estimated at from 4 to 18 inches from the outer edge thereof. Between the hours of 1 and 2 o'clock P. M. of the day mentioned plaintiff was walking along the outer edge of the sidewalk within 18 inches of the curb when she tripped over the capping and fell, sustaining injuries consisting of contusions, lacerations, and a fracture of the bones of the forearm which required treatment for a period of over six months. The injury is permanent in character. Trial was had by jury, which resulted in a verdict for plaintiff in the sum of $3,000. From this judgment defendant appeals. As ground for reversal it is first claimed that defendant was not guilty of negligence as the mere placing of goods near the curb of a street for a short period of time constitutes neither negligence nor the creation of a nuisance and that there is no evidence to sustain the implied finding of the jury on these two questions. It is further claimed that even assuming there was negligence in leaving the roof

capping on the sidewalk, such negligence was that of an independent contractor for which defendant could not be held liable. ■ While it is true that an abutting owner on a street has the right to a temporary and reasonable use of the sidewalk in front of his premises for the reception of merchandise, the question of what is a temporary and reasonable use and the manner of its exercise are questions of fact depending upon all the circumstances of the particular case, to be determined by the jury under proper instructions. (*Fisher* v. *Los Angeles Pacific Co.*, 21 Cal. App. 677, 681 [132 Pac. 767] ; 19 Cal. Jur., p. 139.) It is very rare that a set of circumstances is presented which enables a court to say, as a matter of law, that negligence has or has not been shown, and it is only where the deduction to be drawn is inevitably one way or the other, that the court is authorized to withdraw the question from the jury. This is true even where there is no conflict in the evidence if different conclusions on the subject can be rationally drawn therefrom. If the conceded facts are such that reasonable minds might differ upon the question as to whether or not one was negligent, the question is one of fact for the jury. (*Seller* v. *Market Street Ry. Co.*, 139 Cal. 268 [72 Pac. 1006] ; *Johnson* v. *Southern Pacific R. R. Co.*, 154 Cal. 294 [97 Pac. 520].) It is a question of law only when the evidence is of such a character that it will support no other legitimate inference (*Zibbell* v. *Southern Pacific Co.*, 160 Cal. 237 [116 Pac. 513] ). ■ Here there was evidence to show that defendant company maintained two sidewalk elevators in front of the entrance to their premises, one of which was open at the time of the accident. It also appears that the street was a busy shopping district and the goods had remained on the sidewalk for over two hours. There was also evidence to show the manner in which the merchandise was arranged, its character and the likelihood of it being seen and of pedestrians falling over it. These and all other facts and circumstances were proper for the jury to consider in determining the question of the reasonable and safe use of the sidewalk. ■ Nor is there any merit in the claim that the negligence was that of an independent contractor. There can be no question that an abutting property owner is not ordinarily liable for injuries

resulting from obstructions created by an independent contractor. Where, however, he knows of the dangerous condition, or as a careful, prudent man should have known of it, the rule is otherwise. (*Frassi* v. *McDonald*, 122 Cal. 400 [55 Pac. 139, 772]; *Wiley* v. *Los Angeles Ice Storage Co.*, 2 Cal. App. 190 [83 Pac. 271]; *Heath* v. *Manson*, 147 Cal. 694 [82 Pac. 331]; 19 Cal. Jur., p. 138.) Here there was evidence to show that the receiving clerk receipted for the goods and gave instruction for their deposit on the sidewalk.

The further claim is made that plaintiff was guilty of negligence as a matter of law. In this connection it is claimed the evidence shows that plaintiff had at other times seen goods piled on the sidewalk and at the time of the accident she was not looking where she was going but was paying attention to children and passers-by, near the center of the sidewalk. Plaintiff had a right to a safe sidewalk; she also had a right to be where she was, and the mere fact that she failed to see the merchandise did not constitute contributory negligence on her part as a matter of law. There was evidence to show that the merchandise was of a low height and the same color as the sidewalk, which facts might account for lack of visibility. Mere abstraction on her part did not constitute contributory negligence. (*Du Val* v. *Boos Bros. Cafeteria*, 45 Cal. App. 377 [187 Pac. 767]; *Perkins* v. *Sunset Tel. & Tel. Co.*, 155 Cal. 712 [103 Pac. 190].) The question of contributory negligence was one for the jury to determine. Whether or not plaintiff was guilty of contributory negligence is similar to the question relating to plaintiff's negligence. From the facts as presented reasonable men might draw different inferences. Under such circumstances the question becomes one of fact. It is a question of law only when the evidence is of such a character that it will support no other legitimate inference but that defendant was guilty of contributory negligence. (*Zibbell* v. *Southern Pacific Co., supra.*) And, finally, it is claimed that the court erred in the giving and refusing to give certain instructions. We have examined the instructions and they fully and fairly state the law upon the issues involved.

The judgment is affirmed.

Knight, J., and Cashin, J., concurred.