[Civ. No. 449. Fourth Appellate District.—October 2, 1931.]

LEO YING, Respondent, v. PICKWICK STAGES SYSTEM (a Corporation) et al., Appellants.

B. P. Gibbs and Libby & Sherwin for Appellants.

John Coker for Respondent.

MARKS, J.—Respondent was injured on October 5, 1929, in an automobile collision between a Ford truck which he was driving and a passenger stage belonging to the Pickwick Stages System and driven by George Lowery as its servant. In the language of appellants, the accident occurred as follows: ''The accident took place on the La Jolla boulevard, some distance north of San Diego, where Colima street intersects La Jolla boulevard. The plaintiff Ying was proceeding in a southerly direction on La Jolla boulevard, driving his vegetable truck; the defendant Lowery was following the plaintiff Ying at a short distance, driving the automobile stage owned by defendant, Pickwick Stages System. The plaintiff endeavored to make a left-hand turn into the easterly limb of Colima street and the automobile stage and the vegetable truck of plaintiff collided, the front left fender, bumper and headlight of the stage striking the right rear tail-gate of the truck; after the collision the truck ran part way across the intersection and tipped over

and the stage was driven by the defendant Lowery to a point about two hundred feet down the boulevard. There is practically but one important conflict in the testimony of the various witnesses of the accident as to how the accident happened and that is, that the plaintiff testified that he gave a signal that he intended to make a left turn and the two eye-witnesses placed upon the stand by the defendants testified that no signal was given by the plaintiff. . . . The case was tried before a jury and a verdict of two thousand dollars ($2000.00) returned in favor of the plaintiff and against the defendants, Pickwick Stages System, a corporation, and George Lowery. Both of these defendants moved for a new trial which was denied.''

Appellants specify the following grounds upon which they urge a reversal of the judgment: (1) That the evidence shows no negligence on the part of appellants proximately causing the accident; (2) that the evidence clearly shows contributory negligence on the part of respondent; (3) that the trial court erred in its instructions to the jury; (4) that the damages awarded were excessive; (5) that the court erred in denying appellants' motion for nonsuit; and (6) that the court erred in denying appellants' motion for new trial. We will consider the questions raised by appellants in the order in which we have stated them.

■ The evidence clearly shows that the stage driven by Lowery ran into respondent's truck. There is evidence in the record justifying the conclusion that the accident occurred on the westerly half of La Jolla Boulevard, being the right half of this highway from the direction in which the vehicles were proceeding. It further contains evidence to the effect that respondent, for a considerable distance prior to the point of the accident, had his left arm extended horizontally, lawfully signaling his intention to make a left turn into Colima Street. Under these circumstances the question of whether or not the stage was being operated in a careful and prudent manner with due regard to the traffic upon La Jolla Boulevard was a question of fact to be determined by the jury, and the jury, upon the conflicting evidence before it, having resolved this question against appellants, and, having inferentially determined by its verdict that the stage was operated in a negligent and careless

manner, such finding is binding and conclusive on this court and cannot be disturbed here.

We have also reached a similar conclusion upon the contributory negligence of respondent. The jury having by its verdict inferentially found upon conflicting evidence that no such contributory negligence existed, such finding is conclusive and cannot be disturbed here.

 Appellants complain of the following instruction given by the trial court: "It is the law applicable to the region where the two vehicles here involved were traveling at and immediately before the time of the accident under investigation, that the operator of a vehicle intending to turn to the left, shall approach the point of turning in the traffic lane to the right of and next to the center of the roadway, and, unless otherwise directed by turning markings, shall pass to the right of the intersection before turning." They maintain that this instruction does not contain all of the provisions set forth in the second paragraph of subdivision (a), section 129, of the California Vehicle Act.

From a reading of the instruction given it is made apparent that the words "the center of" were omitted from the last phrase of this instruction. To be literally and technically correct this last phrase should have read as follows: "shall pass to the right of the center of the intersection before turning". We are of the opinion that the omission of the words "the center of" in this instruction is not prejudicial error requiring a reversal of the judgment. The instruction as given required the respondent to pass to the right of the intersection before turning. He could not pass "to the right of the intersection" without passing to the right of its center. The instruction as given placed a greater duty upon respondent than would have been the case had the omitted words been incorporated therein. Under these circumstances appellants cannot complain of the instruction as they were not prejudiced thereby.

In the recent case of *Page* v. *Mezzei,* 213 Cal. 644 [3 Pac. (2d) 11], the Supreme Court has held that a deviation from the substance of the language of the California Vehicle Act, in attempting to summarize it in an instruction to a jury, is not necessarily reversible error. The instruction under consideration by the Supreme Court in that case was as follows: "I instruct you that if you find from the pre-

ponderance of the evidence that plaintiffs and defendant approached the intersection at approximately the same time and you further find that plaintiffs had reached *the center of said intersection* driving at a lawful rate of speed and that defendant at approximately the same time reached *the center of said intersection* driving at an unlawful rate of speed, plaintiffs had a right to expect that defendant would allow plaintiffs to cross said intersection first.'' (Italics ours.) In the Page case the defendant was approaching the intersection from the plaintiffs' right. In approving this instruction the Supreme Court used the following language: ''Under proper instructions, and on ample evidence to support its verdict, the jury awarded the plaintiff substantial damages for injuries sustained by Mrs. Page when the automobile of defendant crashed into the automobile of plaintiffs at the intersection of two roads.''

 After an examination of the entire record we cannot conclude that the damages awarded were excessive. The evidence discloses that respondent was thrown from his truck on to the pavement and was bruised and otherwise injured; that he was not able to get up from his bed for a week and was unable to do any work for an additional week; that thereafter he did some light work; that his back and one of his ankles were sprained and were sore and painful for about two months, and that at the time of the trial, six months after the accident, his back was still paining him. Respondent also suffered damage to his property. Under these circumstances the verdict rendered was not so excessive as to indicate that the jury was influenced by any improper motive in fixing the amount of the award.

It is unnecessary for us to devote any space to appellants' other assignments of error. There is no merit in them.

Judgment affirmed.

Barnard, P. J., and Jennings, J., concurred.