[Civ. No. 8513. Second Appellate District, Division One.—February 27, 1934.]

CYRUS C. LAWTON, Respondent, v. SAM E. BOLES et al., Appellants.

Bart F. Wade for Appellants.

Redwine & Redwine and Donald M. Redwine for Respondent.

THE COURT.—The action was brought by the plaintiff to recover damages on account of injuries which resulted from a collision between an automobile driven by the plaintiff and a motor bus operated by defendant Boles, driver for the defendant corporation. At the time of the accident the two vehicles were traveling in the same direction, and the motor bus hit the right-hand side of the back part of the plaintiff's car.

The stated grounds of appeal, as shown by appellants' opening brief, are that the evidence is insufficient to support the verdict, and particularly, that the plaintiff was guilty of contributory negligence as a matter of law. The cause came before us on motion by respondent to dismiss the appeal or affirm the judgment upon the grounds that the appeal was taken for delay only, and that the questions upon which the decision rests are so unsubstantial as to need no further argument.

At the hearing of the motion, the motion was granted and the judgment affirmed. This memorandum of opinion is filed as a more formal statement of the grounds of decision. The evidence clearly shows that the accident and injury resulted from negligence of the defendant in the operation of its motor bus. On the question of contributory negligence, the contention of appellants is that the conduct of plaintiff in the moments immediately preceding the collision amounted to contributory negligence in that it constituted a violation of section 130a of the California Vehicle Act, wherein it is provided that "the driver of any vehicle upon a public highway before . . . turning . . . such vehicle, shall first see that such movement can be made in safety; . . . " Conceding, without deciding, that there was some evidence from which the jury might have found that the plaintiff did not use due care under the circumstances existing at the time in question, we think that the evidence

was at least equally open to the inference and proper finding that the plaintiff was not negligent. It seems unnecessary to set forth a new digest of the record in order to justify this conclusion.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 23, 1934.