[Civ. No. 10222. Second Appellate District, Division Two.—April 26, 1935.]

MARGARET SANFORD, Respondent, v. GEORGE A. McCOOK et al., Appellants.

O'Melveny, Tuller & Myers and Albert Parker for Appellants.

J. Russell Morton for Respondent.

STEPHENS, P. J.—This is an appeal after judgment had by plaintiff upon an action for damages caused by an automobile collision. Appellant has filed his opening brief and respondent has presented his motion for dismissal of the appeal or affirmance of the judgment as provided for in rule V, section 3, of the Supreme and Appellate Court rules and we think the motion should be granted for affirmance of the judgment.

Appellant contends that the evidence does not support the findings of negligence. But this cannot be sustained for the automobile of plaintiff making a boulevard stop was run into from the rear by defendant's automobile projecting it clear across the street. The driver of the rear car, answering a question about how it occurred, replied, "Lady, I was just driving too fast". The driver of the front car testified, "Well, the other car ran into the back end of it and pushed it clear across the street; was terribly hit," and question, "So that you cannot state, then that if the car moved forward it was because the clutch came into gear and went forward?" Answer: "Well, I, I could tell by the jolt I got." There was other testimony but this is sufficient to show that there was supporting testimony to the negligence finding and upon appeal we must take it to be true.

The only other point raised is that damages for medical care was improper because not specially pleaded. There was no demurrer but there was objection to questions eliciting such proof at the trial. The complaint alleges "That she (plaintiff) has been under constant medical care because of said injuries and has incurred heavy bills for

medical care, examination and supplies." The answer to this point is clear in the following quotation from *Abalas* v. *Consolidated Construction Co.*, 32 Cal. App. 732 [164 Pac. 19], "Had the defendant demurred specifically to the complaint, plaintiff would have been required to particularize the amount expended for nursing, but in the absence of such demurrer . . . the complaint undoubtedly was sufficient to entitle plaintiff to introduce evidence to prove the amount expended or incurred in the several counts."

The judgment is affirmed.

Crail, J., concurred.