[Civ. No. 12345.   Second Dist., Div. One.—April 15, 1941.]

THOMAS E. WRIGHT, Respondent, v. MILTON PONITZ et al., Appellants.

216

Kaplan & Kaplan for Appellants.

Charles Peckham for Respondent.

YORK, P. J.—This is an appeal from a judgment in favor of respondent, who was injured when struck by an automobile being driven by appellant Milton Ponitz and owned by appellant Harry Ponitz, the former being referred to throughout this opinion as appellant.

The collision which resulted in serious injuries to respondent occurred shortly before 7 o'clock in the evening of February 14, 1936, on La Brea Avenue approximately 150 feet north of its intersection with Venice Boulevard in the city of Los Angeles. La Brea, at the site of the accident, is a six lane highway with a double white line marking the center, and runs in a generally south and north direction. Appellant turned from Exposition Boulevard into La Brea and drove northerly thereon until he reached Venice Boulevard where he halted for a "stop sign", and then continued for a distance of 150 feet, driving the car 3 or 4 feet to the right or east of the marked center line at a speed of 20 miles per hour.

Meanwhile, respondent Wright and his friend, Joseph Fike, were pushing the latter's car northerly on La Brea, 4 or 5 feet to the right or east of the center line thereof, at a speed of 7 or 8 miles per hour. When they reached a point on said street 150 feet north of its intersection with Venice Boulevard, and about 150 feet south of a service station located at the intersection of La Brea and Pico Boulevard, which was their destination, appellant's car struck respondent, who was pushing the Fike car "against the spare tire from the middle and rear of the automobile." The bumper of appellant's car struck respondent from the rear, pinning his legs between the bumpers of the two cars. Mr. Fike was stationed at the left-hand side of his car near the steering wheel, and

he was pushing and steering so that he could guide the direction of his automobile.

The night was dark and the street lights were lighted, appellant testifying that it was raining very hard and the visibility was bad; that his vision was intermittently obscured by the glare of headlights of approaching automobiles. Respondent testified that the visibility was good and "for a period of at least half an hour before the accident, it was either drizzling slightly, that is raining slightly, or not raining at all, but that very shortly after the accident this became a torrential rain."

Appellant testified that he did not see the tail light of the Fike car nor did he see the Fike car until he was within 10 or 15 feet of it, although his headlights were burning, his windshield-wiper was working and his brakes were in good condition; that he applied his brakes and swerved to the right but could not avoid hitting respondent. Respondent testified that he had no warning before the impact, neither saw nor heard appellant's automobile before it struck him; also that the "tail light on Mr. Fike's automobile was lighted and working; this tail light was located at a point approximately behind the middle of the left fender and was not and could not have been obscured by my position behind the middle of the automobile where I was pushing on the spare tire, which spare tire was affixed to the approximate middle of the turtleback of Mr. Fike's car."

The witness Fike stated he saw appellant's automobile just before the impact and tried to warn respondent, but had no time to do so; that appellant's car was accelerating almost to the point of collision; that its speed was approximately 25 miles per hour; that the impact was of sufficient force to send the Fike car on an angle diagonally across La Brea in a northeasterly direction; that he "did not notice right after the accident whether the tail light was on, but when I checked it the following day it was in order."

Appellant urges that the evidence is insufficient to support a finding by the trial court that he was guilty of negligence.

Appellant also urges that respondent was guilty of contributory negligence as a matter of law, as well as from all the evidence submitted at the trial. This claim is based upon four acts of alleged negligence on the part of respondent which it is contended by appellant directly and proximately

contributed to the collision, namely: (1) the placing of the Fike car on the highway after its motor had failed; (2) pushing said car in the lane nearest the center of La Brea instead of in the lane nearest the curb; (3) pushing the car from the rear instead of from the side; (4) the failure to keep *proper lookout for oncoming automobiles.*

The situation in which these two young men, respondent Wright and Joseph Fike, found themselves at the time in question was related by respondent as follows: "Prior to the accident we had proceeded south on La Brea Avenue and as we were turning east on the south parkway of Venice Boulevard the motor of the automobile failed. We backed the automobile into the driveway of a service station on the southeast corner of Venice Boulevard and La Brea Avenue, and were told by the service station attendant, who was closing for the night, that we might find a mechanic at the service station located at the southeast (southwest) corner of La Brea Avenue and Pico Boulevard. With the help of the service station attendant, we pushed the car up the grade crossing and on to the Venice Boulevard street car tracks; here we stopped and thanked the attendant who, after giving us an additional push, left us to our own devices. At the time we were on the car tracks I noticed the weather and the visibility —it was drizzling slightly, the street lights were lighted, and from the tracks I could see well beyond Pico Boulevard, Pico Boulevard being three hundred (300) feet more or less from the Venice Boulevard street car tracks.

"As aforesaid, the attendant gave us an additional push and we started down the grade in a northerly direction on La Brea Avenue towards the service station on Pico Boulevard, which was a short block of perhaps three hundred (300) feet ahead of us. The slope of the grade and our efforts increased the momentum and speed of Mr. Fike's automobile to a pace considerably faster than a walk, to approximately, I would say, seven (7) or eight (8) miles per hour which speed we maintained up to the time of the accident. About half way to Pico Boulevard, that is approximately one hundred fifty (150) feet from the street car tracks, and while some four (4) or five (5) feet to the right of the center line, we were overtaken by the automobile driven by Mr. Milton Ponitz."

The following pertinent statement was made by the court in the case of *Donahue* v. *Mazzoli*, 27 Cal. App. (2d) 102 at 105 [80 Pac. (2d) 743] : ''Cases involving rear-end collisions are many. *Prima facie* each case imports negligence and explanations are in order. Many different situations are presented and in each specific case due consideration becomes necessary to ascertain each pertinent circumstance and then give it due consideration. Although the contention has often been made that the leader alone was guilty of negligence or that the follower alone was guilty of negligence, in general it has been held that the case as made by each party presented a question of fact for the jury and was not solely a question of law for the courts. (*Wright* v. *Clausen*, 253 Ky. 498 [69 S. W. (2d) 1062, 104 A. L. R. 480] and extended note, especially p. 502.) ''

The fact that a vehicle has collided with a car ahead tends to a conclusion that the driver of the overtaking vehicle was responsible for the collision. (2 Cal. Jur. 10-year Supp. 299, citing *Lawton* v. *Boles*, 137 Cal. App. 133 [30 Pac. (2d) 81] ; *Ying* v. *Pickwick Stages System*, 117 Cal. App. 312 [3 Pac. (2d) 597] ; *Taylor* v. *Lowenstein*, 113 Cal. App. 665 [298 Pac. 847] ; *Boccalero* v. *Wadleigh*, 113 Cal. App. 376 [298 Pac. 526] ; *Graves* v. *Kern County Transp. Corp.*, 112 Cal. App. 261 [296 Pac. 902] ; *Linde* v. *Emmick*, 16 Cal. App. (2d) 676 [61 Pac. (2d) 338] ; *Sanford* v. *McCook*, 6 Cal. App. (2d) 482 [44 Pac. (2d) 631].)

Appellant was driving his automobile along a public highway and was bound to anticipate that he might meet other cars at any point thereon; consequently, in order to avoid the charge of negligence, he was bound to use ordinary care and to keep an ordinarily careful lookout for such automobiles and to keep his machine under such control as would enable him to avoid a collision. (*Boccalero* v. *Wadleigh*, *supra*, citing *Reaugh* v. *Cudahy Packing Co.*, 189 Cal. 335, 340 [208 Pac. 125].)

The evidence presented herein clearly shows that appellant drove his car into the automobile ahead. In the circumstances, the question as to whether he was operating his car in a careful and prudent manner with due regard to the traffic upon La Brea Avenue was a question of fact to be determined by the trial court. The court found that appellant ''did so carelessly, negligently, and recklessly drive and

operate the said automobile so as to cause the same to collide with, bump into, strike and run upon and over the plaintiff, Thomas E. Wright, who was then and there lawfully upon the said La Brea Avenue''; such finding is conclusive upon this court.

"It is only where the deduction to be drawn from the evidence is inevitably one way or the other, that the question of contributory negligence is to be withdrawn from the jury." (*Graves* v. *Kern County Transp. Corp., supra,* citing *Wise* v. *Maxwell Hardware Co.,* 94 Cal. App. 765 [271 Pac. 918].)

By reason of the evidence disclosed by the record herein, the finding that respondent was free of contributory negligence is fully sustained. It was a question of fact for the trial court to determine from such evidence whether respondent and Joseph Fike propelled the latter's car along La Brea Avenue as a reasonably prudent man would do under similar circumstances.

For the reasons stated, the judgment is affirmed.

Doran, J., and White, J., concurred.