[Civ. No. 6289.    Fourth Dist.    Dec. 7, 1960.]

PACIFIC GREYHOUND LINES (a Corporation), Appellant, v. W. A. QUERNER et al., Respondents.

Gilbert, Thompson & Kelly and Jean Wunderlich for Appellant.

Reed, Callaway, Kirtland & Packard and Wallace C. Reed for Respondents.

McMURRAY, J. pro tem.*—Plaintiff's bus was proceeding toward Los Angeles from Colton, on Highway 99, at 2:45 a.m. on March 7, 1954; there was a heavy fog which limited visibility to an estimated 60 to 75 feet and the average speed of the bus was between 25 and 30 miles per hour to a point about 12 miles west of Colton, where a car came onto the highway in front of the bus. The bus decelerated to about 15 miles per hour to allow this car to accelerate and proceed ahead of the bus, when defendants' truck and semitrailer struck the rear end of the bus, resulting in damages stipulated to be $3,021.93.

The taillights and stop lights on the bus were lighted and functioning at the time of the collision.

The court gave judgment for defendants, and plaintiff appeals.

This appeal was submitted in accordance with the apposite provisions of rule 17(b) of the Rules on Appeal, the respondents having signified a desire to submit it on appellant's opening brief.

■■■ Under the facts here shown, there arose an inference of negligence on the part of the driver of the rearmost vehicle in such a collision. In *Cartmill* v. *Arden Farms Co.*, 83 Cal. App.2d 787, 789 [189 P.2d 739], the rule was stated as follows:

"The appellants recognize the usual rule that evidence that a moving vehicle has collided with another moving vehicle ahead of it furnishes at least some proof of negligence on the part of the driver of the colliding vehicle. (*Gornstein* v. *Priver*, 64 Cal.App. 249 [221 P. 396] ; *Elford* v. *Hiltabrand*, 63 Cal.App.2d 65 [146 P.2d 510] ; *Day* v. *General Petroleum Corp.*, 32 Cal.App.2d 220 [89 P.2d 718] ; *Linde* v. *Emmick*, 16 Cal.App.2d 676 [61 P.2d 338] ; *Wright* v. *Ponitz*, 44 Cal. App.2d 215 [112 P.2d 25] ; *Shannon* v. *Thomas*, 57 Cal.App. 2d 187 [134 P.2d 522].)"

---

*Assigned by Chairman of Judicial Council.

In *Wright* v. *Ponitz,* 44 Cal.App.2d 215, at 219 [112 P.2d 25], the rule was stated as follows: "The fact that a vehicle has collided with a car ahead tends to a conclusion that the driver of the overtaking vehicle was responsible for the collision. (2 Cal.Jur. 10-year Supp. 299, citing *Lawton* v. *Boles,* 137 Cal.App. 133 [30 P.2d 81] ; *Ying* v. *Pickwick Stages System,* 117 Cal.App. 312 [3 P.2d 597] ; *Taylor* v. *Lowenstein,* 113 Cal.App. 665 [298 P. 847] ; *Boccalero* v. *Wadleigh,* 113 Cal.App. 376 [298 P. 526] ; *Graves* v. *Kern County Transp. Corp.,* 112 Cal.App. 261 [296 P. 902] ; *Linde* v. *Emmick,* 16 Cal.App.2d 676 [61 P.2d 338] ; *Sanford* v. *McCook,* 6 Cal.App. 2d 482 [44 P.2d 631].)

"Appellant was driving his automobile along a public highway and was bound to anticipate that he might meet other cars at any point thereon; consequently, in order to avoid the charge of negligence, he was bound to use ordinary care and to keep an ordinarily careful lookout for such automobiles and to keep his machine under such control as would enable him to avoid a collision. (*Boccalero* v. *Wadleigh, supra,* citing *Reaugh* v. *Cudahy Packing Co.,* 189 Cal. 335, 340 [208 P. 125].) "

In *Merry* v. *Knudsen Creamery Co.,* 94 Cal.App.2d 715, 721 [211 P.2d 905], the rule was expressed in the following words: "In many cases it has been held that a collision between a moving automobile and a standing automobile, whether a parked vehicle or one momentarily at a standstill, calls for the application of the doctrine of res ipsa loquitur. (*Bauhofer* v. *Crawford,* 16 Cal.App. 676 [117 P. 931] ; *Slappey* v. *Schiller,* 116 Cal.App. 274 [2 P.2d 577] ; *Creamer* v. *Cerrato,* 1 Cal.App.2d 441 [36 P.2d 1094]. See also authorities collected in 151 A.L.R. 878.) To apply the rule is simply to say that the circumstances of the particular accident justify an inference of negligence. Such a case was here presented."

The facts here required defendants to produce evidence explaining the occurrence of the accident (*Burr* v. *Sherwin-Williams Co.,* 42 Cal.2d 682, 688 [268 P.2d 1041]), but no such evidence or explanation appears in the record. Defendants' driver stated that the accident came as a surprise to him and the first knowledge he had of the accident was as he struck the bus. He also testified that all of a sudden he saw a bus with its lights on, some 35 feet in front of him, applied his brakes but was unable to stop in time. This testimony falls short of explaining the accident, the first

statement showing negligent inattention, and the second a failure to keep his machine under control and failure to act promptly to avert the collision.

■ From some of the statements in the record, it appears that the trier of the fact disbelieved defendants' driver's testimony as to his speed (5 to 10 mph), as indeed he should have since if such testimony had been believed no collision would have occurred but having so disbelieved such testimony, the court then assumed that the driver was driving at a prudent speed. This was not proper; when this testimony as to speed was disbelieved there was then no evidence before the court of defendants' speed. (*Estate of Burlew*, 146 Cal.App.2d 642, 648 [304 P.2d 233].)

■ Where the doctrine of res ipsa loquitur is applicable, a plaintiff is relieved of the duty of going forward with the proof, and where an adequate explanation does not appear the trier of fact must find in favor of plaintiff. (*Morris* v. *Morris*, 84 Cal.App. 599, 601 [258 P. 616]; *Burr* v. *Sherwin-Williams Co.*, 42 Cal.2d 682, 688 [268 P.2d 1041].)

■ *Ward* v. *Silveria*, 102 Cal.App.2d 114, 118-119 [226 P. 2d 732], states quite properly, ". . . 'that the inference of negligence which is created by the rule res ipsa loquitur is in itself evidence which may not be disregarded by the jury and which in the absence of any other evidence as to negligence, necessitates a verdict in favor of the plaintiff. It is incumbent on the defendant to rebut the prima facie case so created by showing that he used the care required of him under the circumstances.' "

The court below indicated that he felt that the car which swung onto the highway in front of the bus caused the bus to slow suddenly and that such was the proximate cause of the accident. The record fails to support this speculation.

The judgment is reversed.

Griffin, P. J., and Coughlin, J., concurred.