OSCAR LEE UNDERWOOD, BY HIS NEXT FRIEND, ELVIRA UNDERWOOD
v. WILLIAM HENRY USHER.

(Filed 25 March 1964.)

**Automobiles § 42k—Evidence held not to show contributory negligence as matter of law on part of plaintiff in pushing car on highway.**

Plaintiff's evidence to the effect that he and two companions were pushing a car on the straight and level highway in a residential section of a municipality, that street lights and the headlights and taillights of the car were burning, that, though it was raining, visibility was good, and that the persons pushing the car positioned themselves so as not to obstruct the right taillight, that other vehicles, traveling in the same direction, passed the car without mishap, but that defendant's car, driven in the same direction, collided with the rear of the pushed car and with plaintiff, inflicting the injuries in suit, *held*, not to show as the only reasonable conclusion that plaintiff was guilty of contributory negligence in taking a position of peril or in failing to jump after he discovered defendant was not going to pass the pushed car in safety, and nonsuit on the ground of contributory negligence was correctly denied.

APPEAL by defendant from *Hubbard, J.*, September Civil Session 1963 of SAMPSON.

Civil action to recover damages for personal injuries.

The jury answered the issues of negligence and contributory negligence in plaintiff's favor and awarded him $6,000 in damages.

From a judgment on the verdict, defendant appeals.

*Britt & Warren by Miles B. Fowler for defendant appellant.*
*Bryan & Bryan by Robert C. Bryan for plaintiff appellee.*

PARKER, J.  Both parties introduced evidence. Defendant assigns as error the court's denial of his motion for judgment of involuntary nonsuit made at the close of all the evidence.

Defendant in his brief concedes actionable negligence on his part, but contends that his motion for judgment of involuntary nonsuit should have been allowed by the trial court, for the reason that plaintiff's evidence clearly shows that by his own negligence he proximately contributed to his injuries.

Plaintiff's evidence shows: About 7 p.m. on 23 October 1959 plaintiff, 18 years old, Sherill Jackson, and Mack Underwood pushed a borrowed 1949 Ford automobile, which they were trying to start, from an alley into Highway 102, the main highway between Goldsboro and Fayetteville, and then proceeded to push the automobile in a westerly direction along their right side of the highway. When they entered the highway and started in a westerly direction, there was a traffic circle

about 200 or 250 feet behind them. The two taillights and the head-lights of the pushed automobile were turned on and shining. Accord-ing to a stipulation of the parties, the automobile was being pushed on the highway in a residential district of the town of Newton Grove. Sherill Jackson, a witness for plaintiff, testified: "The road where we were pushing the car was about as light as this room because of street lights. There were several street lights burning in the vicinity. It was raining, but visibility was good. I could see down the road about 800 feet, and I could see behind us all the way back to the circle. There were no obstructions between our car and the circle. The road was straight and level back to the circle."

Plaintiff was on the right rear side of the automobile pushing against the metal panel to the right of the rear glass so as not to cover the taillight; Sherill Jackson was pushing at the center of the automobile; and Mack Underwood had the right front door open and was pushing and steering the automobile. Plaintiff and his two companions pushed the automobile along the highway 250 or 300 feet during a period of from three to five minutes, and deciding it was out of gas had started to push it off the highway, when an automobile driven by defendant in a westerly direction along the highway ran into its rear knocking it forward. Then defendant's automobile hit plaintiff, who was on the shoulder of the highway pushing the automobile, and then hit their automobile a second time. The collision occurred about 500 feet west of the traffic circle. Plaintiff saw the headlights of defendant's ap-proaching automobile before he was struck.

While they were pushing the automobile along the highway, several automobiles traveling in a westerly direction pulled around them and passed.

Defendant, according to his testimony, drove around the traffic circle, and was traveling west on the highway when the collision occurred. His testimony is to the effect that it was raining and there was fog, that the automobile being pushed had no lights on, that he had his lights on low beam, that when he saw the pushed automobile he applied his brakes and ran into its rear.

The facts in *Burton v. Oldfield*, 195 Va. 544, 79 S.E. 2d 660, are quite similar to the facts in the instant case. This suit arose out of an auto-mobile collision which occurred on 10 December 1950 between 1:30 and 2:00 a.m. on a highway running approximately east and west between Norfolk and Virginia Beach. At the point of the collision the highway is straight for more than a mile and the main road is divided into two traffic lanes, each 24 feet wide, separated by a grass plot. Beyond the shoulder on either side of the main highway is a paved parallel service

road. While a disabled 1940 Ford sedan was being pushed westwardly along the main highway by Carl Heglmeier and three other young men, it was run into in the rear by a 1950 Buick sedan driven in the same direction by Lloyd H. Burton. Heglmeier was killed almost instantly in the collision and Charles B. Oldfield, his administrator, brought this action against Burton alleging that the collision was due to the latter's negligence. The evidence on behalf of the plaintiff shows that just before the collision the Ford sedan, occupied by five sailors on leave from the U.S.S. Franklin D. Roosevelt and proceeding westwardly along the highway, stalled because of an overheating engine. Four of the occupants, including Heglmeier, got out and began pushing the car while Michael Rectenwald, the owner, sat behind the wheel and steered with the purpose of either getting the motor started or reaching the nearest service station. They had been pushing the car some fifteen minutes and had gone about one-fourth of a mile when the collision occurred. There is evidence that a misty rain was falling and that the visibility was poor. The further evidence on behalf of the plaintiff is that the car was being pushed along the right-hand edge of the pavement of the westbound lane of the main highway and that its headlights and left taillight were burning. The right taillight had been broken. Heglmeier was pushing on the left side of the car while the three other young men were at the rear of the vehicle, but not covering or concealing the rear light. The westbound Buick car, proceeding at a rapid speed, after skidding approximately 60 feet, ran into the left rear of the Ford car, crossed the medial grass plot, and traveled 534 feet before coming to a stop in the eastbound lane on the opposite side of the road. The impact carried the Ford car 15 feet along the road and Heglmeier's body was thrown 66 feet beyond this. Just before the impact Karl W. Reeb, who was pushing on the right rear of the Ford car, saw the lights of the approaching Buick car and with a cry of warning to his companions jumped to the right and escaped injury. He estimated the speed of the oncoming car at 90 miles per hour. The Court held it was for the jury to say whether the plaintiff's decedent was guilty of contributory negligence and upheld the verdict and judgment for the plaintiff. On a former appeal of this case, 194 Va. 43, 72 S.E. 2d 357, a new trial was awarded by reason of error in the charge.

In *Wright v. Ponitz*, 44 Cal. App. 2d 215, 112 P. 2d 25, the Court held the evidence that plaintiff and another were pushing their automobile after its motor had failed on a six-lane highway at about 7 p.m. on 14 February 1936 in a slight drizzle, that they were attempting to push it about 300 feet down a grade to a service station, that they were traveling at a speed of about 7 or 8 miles an hour, that plaintiff was

pushing against a spare tire from the middle and rear of the automobile, and that plaintiff's position did not obscure the view of the taillight, presented a question for the jury as to whether plaintiff was guilty of contributory negligence, when struck by an automobile approaching from the rear. A judgment for injuries sustained by plaintiff in the collision was upheld.

In *Holman v. Uglow*, 137 Ore. 358, 3 P. 2d 120, the facts were these: The automobile in which deceased was riding as a guest ran out of gas. Deceased and his companions decided to push the automobile to a place about 450 feet ahead where it could be parked upon a graveled area on the side of the roadway out of reach of traffic. Beyond the right shoulder of the pavement where the automobile ran out of gas was an area approximately 6 feet wide sloping towards a ditch 2½ feet deep, but because of rain the wheels of the automobile would probably sink into the mud to such a depth that the car could not be moved without assistance. While deceased was helping to push the automobile along the pavement, he was struck by an automobile approaching from the rear. The accident occurred at night while a heavy rain was falling. The Court held the question of whether plaintiff was guilty of contributory negligence was an issue for the jury. A judgment for plaintiff was upheld.

In *Victor Lynn Lines v. State*, 199 Md. 468, 87 A. 2d 165, the Court held that in an action for the death of a motorist who was struck by an overtaking tractor-trailer while pushing a disabled automobile at night in the right or slow lane of a dual highway after removing it from a position of safety on the shoulder, the motorist's contributory negligence was for the jury under evidence from which the jury could find that all lights on the disabled automobile were lighted. The judgment for damages was upheld.

In *Dickerson v. Mutual Grocery Co.*, 100 N. J. Law 118, 124 A. 785, the facts were these: Plaintiff, who was pushing his automobile along a roadway to a place where he expected to replenish his exhausted supply of gasoline, was struck by defendant's car approaching from behind at the rate of 7 miles per hour through fog on a dark night. The Court held that the question of plaintiff's contributory negligence was an issue for the jury, even though the evidence of defendant indicated that plaintiff's body obscured the taillight of his car. A judgment for damages for the plaintiff was upheld.

In the instant case plaintiff's evidence shows that the highway at the scene of the collision was straight and level, the collision occurred in a residential section of the town of Newton Grove about 7 p.m. on 23 October 1959, that the street lights were burning in the vicinity of the

accident, that though it was raining visibility was good, that the head-lights and taillights of the pushed automobile were turned on and shin-ing, and that plaintiff was pushing on the right rear of the automobile so as not to obscure the right taillight. While plaintiff's evidence fur-ther shows several cars passed them in safety, there is no evidence of heavy traffic. The path of defendant's automobile was not fixed, like a railroad train, to any particular line of travel. He had ample room to pass the pushed car to its left. Plaintiff, under the circumstances, could not know defendant would not see him and the car ahead and turn to the left to avoid striking him. Whether or not plaintiff had time to stop or jump aside, after he discovered defendant was not going to turn aside but keep straight on, was under all the circumstances here a ques-tion for the jury. We believe that fair-minded men could reasonably draw from plaintiff's evidence a legitimate conclusion that plaintiff did not voluntarily place himself in a position of peril known to him and voluntarily continue therein and that he was free from contributory negligence. Certainly, plaintiff's own evidence does not show contribu-tory negligence on his part so clearly that no other conclusion can be reasonably drawn therefrom. The trial court properly overruled de-fendant's motion for judgment of involuntary nonsuit and submitted the issues of negligence and contributory negligence and damages to the jury.

A careful examination of the assignments of error to the charge dis-closes no new question or feature requiring extended discussion or that would warrant a new trial. The jury, under application of settled prin-ciples of law, resolved the issues of fact against the defendant. Neither reversible nor prejudicial error has been made to appear. The verdict and judgment will be upheld.

No error.