[Civ. No. 395. Fifth Dist. May 19, 1965.]

JANICE HUDSPETH, Plaintiff and Appellant, v. MOSES JAUREQUI et al., Defendants and Respondents.

Robert Burns Bostwick, Jr., and Eric D. Carlyle for Plaintiff and Appellant.

Harry M. Hunt and John P. Kightlinger for Defendants and Respondents.

STONE, J.—Plaintiff appeals from a judgment entered on a defense verdict in an action for personal injuries arising out of an automobile accident.

Plaintiff was a guest in an automobile which was struck from the rear by a vehicle being operated by one defendant with the consent and permission of the defendant owner. The driver of plaintiff's car had stopped to permit a car ahead to make a left turn. The evidence is conflicting whether the car in which plaintiff was riding stopped suddenly or stopped gradually, and as to the length of time it was stopped before being struck.

The appeal presents two questions, both pertaining to the doctrine of res ipsa loquitur. The trial court held that since plaintiff had produced evidence of defendant driver's specific acts of negligence which she contended caused the accident, the doctrine of res ipsa loquitur was not applicable. The court relied, no doubt, on opinions containing general expressions to this effect, but these cases were specifically disapproved insofar as they differ from the rule expressed in *Di Mare* v. *Cresci*, 58 Cal.2d 292, at page 299 [23 Cal.Rptr. 772, 373 P.2d 860], that: "The introduction of evidence of specific acts of negligence does not deprive the plaintiff of the benefit of the doctrine unless the facts as to the cause of the accident and the care exercised by the defendant are shown as a matter of law thus eliminating any justification for resort to the inference of negligence."

 Had plaintiff's car been stopped, that is, stationary at the time of the collision and struck from the rear by defendant's moving vehicle, res ipsa loquitur would apply as a matter of law. (*Ponce* v. *Black*, 224 Cal.App.2d 159, 162 [36 Cal.Rptr. 419]; *Sweeney* v. *Pozarelli*, 228 Cal.App.2d 585, 591 [39 Cal.Rptr. 601].) Here, however, the evidence is conflicting whether plaintiff's car was stationary or whether it stopped suddenly and without warning.

■ The law is clear that where evidence is conflicting or subject to different inferences, it is for the jury, under proper instructions, to determine whether each of the conditions necessary to bring into play the rule of res ipsa loquitur is present. (*Seneris* v. *Haas,* 45 Cal.2d 811, 826-827 [291 P.2d 915, 53 A.L.R.2d 124]; *Exploration Drilling Co.* v. *Heavy Transport, Inc.,* 220 Cal.App.2d 397, 405 [33 Cal.Rptr. 747].)

■ Defendants assert there was no error because plaintiff failed to submit an instruction meeting the rule of *Seneris* v. *Haas, supra.* At the outset of the trial, plaintiff tendered the standard res ipsa loquitur instruction which presupposes proof of the three conditions necessary to bring the doctrine of res ipsa loquitur into play, while the evidence on that issue was conflicting. However, toward the end of the trial, plaintiff's counsel orally requested an additional res ipsa loquitur instruction patterned after the rule of *Seneris* v. *Haas, supra.* The court reaffirmed the view expressed earlier in the trial, that res ipsa loquitur was not applicable because plaintiff had introduced evidence of specific acts of negligence. Proffering a written instruction under the circumstances would have been an idle act, and failure to perform an idle act does not constitute a waiver of a legal right. (Civ. Code, § 3532; *Robinson* v. *Puls,* 28 Cal.2d 664, 667 [171 P.2d 430].)

■ Finally, defendants argue that if there was error it was harmless because plaintiff suffered no injuries. However, plaintiff testified that she was injured, and she presented evidence on the issue of damages. From the record it cannot be determined whether the jury disbelieved plaintiff's evidence concerning her injuries and decided the case on the issue of damages, or whether the jury concluded defendants were not negligent and decided the case on the issue of liability. An appellate court will not speculate on which issue the jury based its verdict under such circumstances. (*Robinson* v. *Cable,* 55 Cal.2d 425, 428 [11 Cal.Rptr. 377, 359 P.2d 929]; *Miller* v. *Peters,* 37 Cal.2d 89, 95 [230 P.2d 803].)

We conclude that the failure to give an instruction presenting the issue of res ipsa loquitur to the jury as a question of fact, in accordance with the principles enunciated in *Seneris* v. *Haas, supra,* and *Exploration Drilling Co.* v. *Heavy Transport, Inc., supra,* constituted reversible error.

The judgment is reversed.

Conley, P. J., and Brown (R. M.), J., concurred.