[Civ. No. 7788. Fourth Dist., Div. Two. June 15, 1966.]

ANDREW N. VILLA, JR., Plaintiff and Appellant, v. LAW-RENCE E. SHAFFER et al., Defendants and Respondents.

Robert C. Todd, Robert J. Sturhahn and Rutan & Tucker for Plaintiff and Appellant.

Robert E. Aitken and Ball, Hunt & Hart for Defendants and Respondents.

McCABE, P. J.—The plaintiff appeals from a judgment entered in favor of defendants.

On November 23, 1962, at about 4:30 p.m., a multiple rear-end collision occurred on the southbound lane on Euclid Avenue. Plaintiff's Valiant was the first vehicle in the accident. Defendant McTeer, driving a Chevrolet, was second in line with defendant Shaffer driving a Ford automobile owned by defendant Union Oil Company of California being the last car in line. Plaintiff had stopped his Valiant on signal at the cross street, Westmont, with defendant McTeer behind him. Upon the signal changing, plaintiff accelerated across the intersection with defendant McTeer following him. When defendant Shaffer joined this line of cars is not clear from the record, but he did so some distance before the accident. Euclid Avenue at and south of the intersection of Westmont is a two-travel-laned street in either direction. Just south of Westmont on the curb lane of Euclid a police officer was assisting the occupants of the stalled vehicle which blocked the curb lane and caused all southbound traffic to travel on the inside or center lane of Euclid.

Plaintiff testified that south of the stalled vehicle there was an otherwise unidentified vehicle in front of him which stopped to allow a dog to cross from east to west across Euclid and in front of the otherwise unidentified car. Further, plaintiff testified he gently stopped his Valiant, however, the officer who had observed the dog crossing Euclid testified he did not see a car in front of plaintiff's Valiant and that plaintiff's car stopped abruptly. Defendant McTeer testified the plaintiff's vehicle stopped ". . . real suddenly, and I heard the brakes and seen his lights at the same time; then I hit my brakes." Defendant McTeer does not testify he saw the dog but did testify, "I just . . . as I hit . . . as I hit my brakes there I noticed a movement, seen it ahead of his [plaintiff's] car." Plaintiff gave no hand signal, heard no application of brakes or skidding or any noise or a collision before his car was hit from the rear by defendant McTeer's Chevrolet. Both plaintiff and defendant McTeer testified that after the stop at Westmont, plaintiff's vehicle did not attain a speed of over 15 miles per hour. The officer stated the speed was under 25 miles per hour. Prior to the accident, plaintiff had not seen either of the defendants' cars. Defendant McTeer recalls his Chevrolet was a few feet from the rear of plaintiff's Valiant at the time he, McTeer, came to stop. Further, McTeer testified that after his Chevrolet had stopped, he was hit from the rear which impact

forced the front of his car into the rear of plaintiff's car. Defendant Shaffer testified to the contrary saying that he did not see defendant McTeer's Chevrolet prior to the accident, saw no lights on McTeer's car; he heard a collision and applied his brakes ". . . in a hurry." Defendant Shaffer testified he saw the dog prior to the accident but did not see plaintiff's Valiant. There was no testimony from anyone as to the speed attained by defendant Shaffer's Ford after it stopped at Westmont and prior to the collision.

Specifically the court found among other facts: (1) A dog ran in front of plaintiff's Valiant. (2) Plaintiff stopped abruptly when he saw the dog. (3) Defendant McTeer abruptly stopped his Chevrolet. (4) Defendant Shaffer abruptly stopped his Ford. (5) Defendant McTeer's Chevrolet hit the rear-end of plaintiff's Valiant. (6) Defendant Shaffer's Ford hit the rear-end of defendant McTeer's Chevrolet. In the findings of fact the trial court concluded there was no negligence on the part of defendant McTeer or Shaffer and no imputation of negligence to defendant Union Oil Company of California and the dog running in front of plaintiff's Valiant was the proximate cause of the impacts. Judgment was entered in favor of defendants.

On appeal, plaintiff invokes the doctrine of res ipsa loquitur in support of his contention that the judgment is contrary to law. In essence he contends the burden of going forward with the evidence shifted to the defendants if the doctrine were indeed applicable to the circumstances of the instant case. (*Burr* v. *Sherwin Williams Co.*, 42 Cal.2d 682, 688 [268 P.2d 1041]; *Seffert* v. *Los Angeles Transit Lines,* 56 Cal.2d 498 [15 Cal.Rptr. 161, 364 P.2d 337]; *Persike* v. *Gray*, 215 Cal.App.2d 816 [30 Cal.Rptr. 603]; *Linde* v. *Emmick*, 16 Cal.App.2d 676 [61 P.2d 338].) Therefore, an inference of negligence could be adduced which must be overcome by defendants, and if not overcome, entitled plaintiff to a judgment, citing *Sweeney* v. *Pozarelli*, 228 Cal.App.2d 585, 591 [39 Cal.Rptr. 601]; *Pacific Greyhound Lines* v. *Querner*, 187 Cal.App.2d 190 [9 Cal.Rptr. 370]; *Wright* v. *Ponitz*, 44 Cal.App.2d 215 [112 P.2d 25]; *Gornstein* v. *Priver*, 64 Cal.App. 249 [221 P. 396]. Additionally, plaintiff urges the requisite standard of care, which should have been employed by the defendants herein, is established by section 2350, Vehicle Code, in that a motorist is required to drive at a speed not to endanger persons or property and his motor vehicle must be equipped with adequate brakes. Finally, there is a presumption a normal person

will see and hear that which is within sight and hearing. (*Miller* v. *Western Pac. R.R. Co.*, 207 Cal.App.2d 581 [24 Cal. Rptr. 785].)

Defendant Shaffer counters plaintiff's assertions by contending (1) the plaintiff must prove defendants' negligence by a preponderance of evidence and when the evidence is evenly balanced plaintiff has not sustained the burden of proof on that issue; (2) under the res ipsa loquitur doctrine, the burden of proof only shifts to defendant the burden of going forward with the evidence, and defendant is not required to rebut the inference of negligence under that doctrine by a preponderance of evidence. (*Patterson* v. *San Francisco & San Mateo Elec. Ry. Co.*, 147 Cal. 178 [81 P. 531].) It is only necessary for defendants to explain the act, *James* v. *American Buslines*, 111 Cal.App.2d 273 [244 P.2d 503], and after the explanation the burden remains in the plaintiff. (*Kahn* v. *Triest-Rosenberg Cap Co.*, 139 Cal. 340 [73 P. 164].)

Neither party herein disputes the application of the doctrine to the circumstances of the instant case and in this conclusion we concur. (*Hudspeth* v. *Jaurequi*, 234 Cal.App.2d 526, 527 [44 Cal.Rptr. 428]; *Sweeney* v. *Pozarelli, supra*; *Pacific Greyhound Lines* v. *Querner, supra*.) Rather the parties disagree as to the evidentiary effect of the application of the doctrine, and if, in fact, the defendant evidentially has sustained the requisite showing necessary to negative the inference or presumption of negligence arising from the application of the doctrine.

The procedural effect of the doctrine has been an issue of some confusion since its first enunciation by Baron Pollock in *Byrne* v. *Boadle* (1863) 2 H. & C. 722, 159 Eng.Rep. 299. The effect accorded the doctrine in California is unsettled and there is authority for the proposition it is merely a permissible inference analogous to circumstantial evidence[1] or creates a presumption of negligence which shifts either the burden of going forward or the burden of proof to the defendant.[2]

 The doctrine of res ipsa loquitur is applicable only where no injury would have occurred in the ordinary course of events if due care was exercised by the defendant. (*Thompson* v. *California Constr. Co.*, 148 Cal. 35 [82 P. 367]; *Di Mare* v.

---

[1]Prosser, *The Procedural Effect of Res Ipsa Loquitur* (1936) 20 Minn. L.Rev. 241, 262.

[2]Carpenter, *The Doctrine of Res Ipsa Loquitur in California* (1937) 10 So. Cal. L.Rev. 166, 171-173.

*Cresci,* 58 Cal.2d 292, 298-299 [23 Cal.Rptr. 772, 373 P.2d 860].) Defendant Shaffer argues he has explained the accident by the evidence of the dog being the causative factor for the plaintiff's abrupt and unforeseeable stop. It is urged Shaffer could not reasonably expect the dog would cause the plaintiff to stop suddenly.

The record discloses Shaffer heard, but did not see the alleged collision of McTeer's automobile with the Villa vehicle. Shaffer further testified prior to the accident he did not see the vehicles of McTeer or the plaintiff, nor did he recall his velocity or if his car skidded before impact.

■ The majority and preferable view of the procedural effect of the application of the doctrine is that its invocation creates a permissive inference of negligence which the trier of fact may, but is not obligated so to do, draw from the evidence presented. (*Sweeney* v. *Erving,* 228 U.S. 233, 240 [33 S.Ct. 416, 418, 57 L.Ed. 815, 819]; *O'Connor* v. *Mennie,* 169 Cal. 217 [146 P. 674]; *Kohl* v. *Disneyland, Inc.,* 201 Cal.App.2d 780, 783 [20 Cal.Rptr. 367]; *Smith* v. *Hollander,* 85 Cal.App. 535 [259 P. 958].) According to Professor Prosser: ". . . [T]he procedural effect of a res ipsa case is a matter of the strength of the inference to be drawn which will vary with the circumstances of the case."[3] ■ The balance of probabilities as to the cause of an accident of this nature is usually a matter upon which reasonable men may differ. The trial court sitting without a jury found the plaintiff stopped his car abruptly and that neither the plaintiff or defendants were negligent in the operation of their respective vehicles. The abrupt stop of the plaintiff's auto to avoid striking the dog may well have been reflex action indulged in by a circumspect and prudent individual. The two lanes of traffic behind the plaintiff, on the other hand, were funneling into but a single lane. In the event of an abrupt stop, due to this funneling movement, the available braking distance became increasingly diminished. Due to the kinetic energy possessed by each vehicle and the increasingly diminished braking time imposed by the circumstances the accident was inevitable. Even if the accident could have been avoided by the exercise of exceptional foresight, skill or caution, still no one may be held liable for damages resulting from it. (*Jolley* v. *Clemens,* 28 Cal.App. 2d 55, 65 [82 P.2d 51]; *Parker* v. *Womack,* 37 Cal.2d 116, 120 [230 P.2d 823]; *Ford* v. *Carew & English,* 89 Cal.App.2d 199,

---

[3] William L. Prosser, Law of Torts (2d ed. 1955) § 43, p. 212.

204-205 [200 P.2d 828]; *Creamer* v. *Cerrato,* 1 Cal.App.2d 441 [36 P.2d 1094].)

While a different result may have been rationally adduced from the evidence presented, the trial court's findings of an absence of negligence will be sustained on appeal where there is, as here, substantial evidence to sustain the trial court's findings. (*Williams* v. *Pacific Gas & Elec. Co.,* 181 Cal.App.2d 691, 711 [5 Cal.Rptr. 585]; *Estate of Teel,* 25 Cal.2d 520, 526 [154 P.2d 384]; *Hoff* v. *Los Angeles Pac. Co.,* 158 Cal. 596 [112 P. 53]; *Wahlgren* v. *Market Street Ry. Co.,* 132 Cal. 656 [62 P. 308, 64 P. 993]; *McIntyre* v. *Doe & Roe,* 125 Cal.App.2d 285, 287 [270 P.2d 21]; *Leo Ying* v. *Pickwick Stages System,* 117 Cal.App. 312, 314-315 [3 P.2d 597])

The cases cited by plaintiff, *Pacific Greyhound Lines* v *Querner, supra; Sweeney* v. *Pozarelli, supra,* and others are not in point for no unforeseeable factor therein intervened to commence a chain of reactions which ultimately culminated in the rear-end accidents complained of.

Judgment affirmed.

Kerrigan, J., and Tamura, J., concurred.